ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANCE POULSEN AND BARBARA POULSEN,<br><br>Plaintiffs,<br><br>-against-<br><br>HAROLD W. POTE, THOMAS G. MENDELL, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | Civil Action No. 05 CV 10575 (LAK)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Harold W. Pote ("Pote"), Thomas G. Mendell ("Mendell") and JPMorgan Chase & Co., f/k/a J.P. Morgan Chase & Co., ("JPMorgan") hereby notice the removal of the above-captioned action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) on the following grounds:

1.  Plaintiffs Lance Poulsen and Barbara Poulsen (collectively "Plaintiffs" or "Poulsens") filed a civil action against Defendants Pote, Mendell and JPMorgan (collectively "Defendants") entitled <u>Lance Poulsen and Barbara Poulsen v. Harold W. Pote, Thomas G. Mendell and J.P. Morgan Chase & Co.</u>, Index No. 05-604034 ("Poulsen Action") in the Supreme Court of the State of New York, New York County, on or about November 14, 2005. A copy of the Summons and Complaint, which constitutes all of the process, pleadings, orders and other papers filed in the Poulsen Action of which Defendants are aware, is annexed hereto as Exhibit A.

2. The Poulsen Action should be removed pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a) because it relates to the bankruptcy of National Century Financial Enterprises ("NCFE") and its affiliates including National Premier Financial Services, Inc. ("NPFS"), NPF VI, Inc. ("NPF VI") and NPF XII, Inc. ("NPF XII") (collectively the "NCFE Entities"). The NCFE Entities voluntarily filed for Chapter 11 bankruptcy protection on November 18, 2002 in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, in a case entitled In re National Century Financial Enterprises, Inc., Case No. 2:02-bk-65235 ("NCFE Bankrupcty Proceedings"). The standard for "related to" jurisdiction is whether the action "could have a 'conceivable effect' upon the bankruptcy estate." See e.g., In re Global Crossing, Ltd. Securities Litigation, 2003 WL 22705127, *1 (S.D.N.Y. Nov. 14, 2003).

3. There are seventeen pending civil lawsuits relating to the bankruptcy of the NCFE Entities filed throughout the country, which are currently pending before Chief Judge James L. Graham in the United States District Court for the Southern District of Ohio, Eastern Division. Four of those cases were originally filed in state courts and each of them has been removed on the basis that they are related to the NCFE Bankruptcy. These four removed cases, along with eleven others that had been filed in various federal courts, have been consolidated for coordinated multidistrict pretrial proceedings before Judge Graham in an action entitled In re National Century Financial Enterprises Inc. Investment Litigation, 2:03-md-1565-JLG-MRA ("MDL Proceedings"). The remaining two cases were filed directly in the Southern District of Ohio and are also pending before Judge Graham. All of the parties to the Poulsen Action, including the Poulsens, are parties in many of the cases pending in the MDL Proceedings.[1]

---

[1] For example, one of the cases consolidated by the Judicial Panel on Multidistrict Litigation into the MDL Proceedings is an NCFE-related action commenced by Plaintiffs in the United States District Court for the Southern

4. The claims in the Poulsen Action relate to the NCFE Bankruptcy Proceedings, including the administration and implementation of the NCFE Entities' bankruptcy liquidation plan, for several, independent reasons.

5. Plaintiffs in the Poulsen Action were shareholders of NCFE and served as senior officers and directors of various NCFE Entities. They assert that they were harmed because Defendants Pote and Mendell, as alleged directors of NPF VI, NPF XII, and NCFE and allegedly acting at the direction of JPMorgan, purportedly forced the NCFE Entities into bankruptcy, thereby causing the loss of Plaintiffs' equity interests in NCFE. See, e.g., Compl., ¶¶ 3-5, 52, 56, 59-61, 68, 70, 73, 75, 81, 84-86, 100-02.

6. Plaintiffs attempt to assert claims for themselves that actually belong exclusively to the NCFE Entities' bankruptcy estate. Plaintiffs' claims for recovery of the loss in the value of their equity interests in the NCFE Entities are wholly derivative of direct claims that belong to the NCFE Entities. The claims of the NCFE Entities have been transferred and assigned in the NCFE Bankruptcy Proceedings to a successor-litigation trust called the Unencumbered Assets Trust ("UAT"), which now has the exclusive right to pursue such claims to recover assets of the NCFE Entities' bankruptcy estate for distribution to creditors. Indeed, the UAT has already commenced several lawsuits, including one against Plaintiffs and

---

District of Ohio, entitled Lance Poulsen et al. v. Credit Suisse First Boston Corp., Case No. C2-04-1097 (S.D.Ohio), against several defendants including originally Defendants Pote and Mendell, whom the Poulsens have since voluntarily dismissed from the case. In that action, the Poulsens allege and admit that "all of the Poulsens' claims arose in [the Southern District of Ohio]." Numerous other cases involving the parties remain pending in the Southern District of Ohio. For example, another action consolidated in the MDL Proceedings is a case entitled ING Bank N.V. v. JPMorgan Chase Bank et al., Case No. 03 Civ. 7396 (LAK) in which Plaintiff Lance Poulsen, and Defendants Pote and Mendell and JPMorgan Chase Bank, N.A. are all named defendants. In that action, Lance Poulsen brought a cross-claim against JPMorgan Chase Bank, N.A. wherein he sought recovery for the alleged diminution in value of his NCFE stockholdings as a result of the NCFE Entities' bankruptcy. Mr. Poulsen withdrew that cross-claim without prejudice on November 30, 2005, about two weeks after the complaint in the Poulsen Action was filed.

Defendant JPMorgan, which is also now pending before Judge Graham in the United States District Court for the Southern District of Ohio. See Unencumbered Assets Trust v. JP Morgan Chase Bank et al., Case No. 2:04-cv-1090-JLG-MRA (S.D. Ohio). There can be no doubt that the Poulsen Action, which transparently attempts to usurp claims that belong to the UAT, relates to the NCFE Bankruptcy Proceedings, including the administration of the NCFE Entities' bankruptcy liquidation plan, because the outcome of the Poulsen Action could affect the recovery, if any, by the UAT.

7. Plaintiffs' claims in the Poulsen Action also relate to the NCFE Bankruptcy Proceedings because Defendants (or subsidiaries thereof) have potential rights of contribution, indemnification, and insurance against the NCFE Entities that they have asserted as proofs of claim against the NCFE bankruptcy estates. Plaintiffs assert allegations against Defendants Pote and Mendell for their actions as former Directors of NCFE, NPF VI and NPF XII. See, e.g., Compl. ¶¶ 3-4, 100-101, 108-109, 114-116, 126-128, 138, 145, 155. Defendants Pote and Mendell have asserted contractual, statutory and other rights of indemnity, contribution, and reimbursement against the NCFE Entities' bankruptcy estates as former directors of NCFE, NPF VI and NPF XII. Plaintiffs also assert allegations against JPMorgan Chase Bank, N.A. ("the Bank"), a subsidiary of JPMorgan, which served as an indenture trustee under the NPF VI program. See, e.g., Compl., ¶¶ 5, 14, 19, 35, 60, 63, 71, 77, 100-02, 155. The Bank has also asserted contractual rights of indemnity against the estates. Accordingly, this action relates to the NCFE Bankruptcy Proceedings because it could affect the indemnification and contribution claims by Pote, Mendell and JPMorgan against the NCFE Entities' bankruptcy estates.[2]

---

[2] Pursuant to Section 3.01 of the NPF VI, Inc. Health Care Receivables Securitization Program Notes Master Indenture dated as of June 1, 1998 by and among NPF VI, Inc., National Premier Financial Services, Inc. and The

8. Additionally, Defendants Pote and Mendell are eligible for Directors & Officers Liability Insurance. With respect to that insurance, NCFE initiated an adversary proceeding in the bankruptcy court against Great American Insurance Co., which has been removed to the federal district court in the Southern District of Ohio and is pending before Judge Graham. The Poulsen Action relates to the NCFE Bankruptcy Proceedings because it could affect the claims of Defendants Pote and Mendell against that insurance, which could implicate the assets of the NCFE Entities' bankruptcy estates.

9. Furthermore, Plaintiffs themselves have already submitted to the jurisdiction of the bankruptcy court by filing proofs of claim against the NCFE Entities in the NCFE Bankruptcy Proceedings. Thus, removal is appropriate so that this bankruptcy-related action can be properly adjudicated in federal court. Moreover, given such proofs of claim, the Poulsen Action relates to the NCFE Bankruptcy Proceedings because it could affect the amount of recovery, if any, by the Plaintiffs from the bankruptcy estate of the NCFE Entities.

10. This action is a non-core proceeding, and Defendants do not consent to the entry of final orders and judgments by a bankruptcy judge.

11. Defendants were served in New York with a Summons and Complaint on or after December 6, 2005. The Complaint constituted the initial pleading for purposes of removal. Defendants have thus timely removed this action within thirty days after service and

---

Chase Manhattan Bank ("the "NPF VI Indenture"), NPF VI agreed to indemnify the Bank for amounts it incurred "arising out of or resulting from the security interest granted [pursuant to the NPF VI Indenture] by virtue of any act or omission on the part of [NPF VI]." Losses incurred by the Bank in connection with Plaintiffs' causes of action in the Poulsen Action are thus indemnifiable by the debtor NPF VI.

receipt of the Complaint in accordance with 28 U.S.C. 1446 and Fed. R. Bankr. Proced. 9027(a)(3).

12.  Written notice of the filing of this Notice of Removal is hereby given to counsel for Plaintiffs. A copy of this notice will be filed with the clerk of the Supreme Court of the State of New York in and for the County of New York.

**WHEREFORE**, Defendants Harold W. Pote, Thomas G. Mendell and JPMorgan Chase & Co., respectfully request that the above-captioned action be removed, with the express reservation of all procedural and substantive rights, claims and defenses (including applicable bases of removal), from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: December 15, 2005

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: _____
Barry R. Ostrager
Mary Kay Vyskocil
Andrew T. Frankel
Kyle A. Lonergan
425 Lexington Avenue
New York, NY  10017
(212) 455-2000 (voice)
(212) 455-2502 (facsimile)

Attorneys for Defendants Harold W. Pote and Thomas G. Mendell

KELLEY DRYE & WARREN LLP

By: _____
    John M. Callagy
    William A. Escobar
    Nicholas J. Panarella
101 Park Avenue
New York, NY 10178
(212) 808-7800 (voice)
(212) 808-7897 (facsimile)

Michael A. Pearce
JPMorgan Chase & Co. Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-2852 (voice)
(212) 552-5964 (facsimile)

Attorneys for Defendant JPMorgan Chase & Co.

TO: Thomas J. Fellig
FELLIG, FEINBLUM, EDELBLUM & SCHWARTZ, LLC
821 Franklin Avenue, Suite 203
Garden City, NJ 11530
(516) 338-1720

Stephen L. Snyder
Roy L. Mason
SNYDER SLUTKIN & SNYDER
1829 Reisterstown Road, Suite 100
Baltimore, MD 21208
(410) 653-3700

Attorneys for Plaintiffs Lance Poulsen and Barbara Poulsen