UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lance Poulsen and Barbara Poulsen,<br><br>                                Plaintiffs,<br><br>v.<br><br>Harold W. Pote, Thomas G. Mendell,<br>and J.P. Morgan Chase & Co.,<br><br>                                Defendants. | CIVIL ACTION<br><br>No.: 05 Civ 10575 (LAK) |

### DECLARATION OF NICHOLAS J. PANARELLA

I, NICHOLAS J. PANARELLA, declare:

1.  I am a member of the law firm of Kelley Drye & Warren LLP, attorneys for Defendant J.P. Morgan Chase & Co. ("JPMorgan") in the above-captioned action. I am fully familiar with the facts set forth herein. This Declaration is submitted in support of the joint motion of Defendants Harold W. Pote, Thomas G. Mendell and JPMorgan ("Defendants") for a stay by means of an Order to Show Cause.

### PRIOR PROCEEDINGS

2.  On November 13, 2003, the Judicial Panel on Multidistrict Litigation ("MDL Panel") ordered the transfer and consolidation of seven civil actions connected to the financial collapse of National Century Financial Enterprises, Inc. ("NCFE" or "Company") to Chief Judge James L. Graham in the United States District Court for the Southern District of Ohio ("Ohio District Court") for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407, captioned In re National Century Financial Enterprises, Inc. Financial Investment Litigation, MDL 1565 (S.D. Ohio). A copy of the MDL Panel's Order is annexed as Exhibit A.

3. Since that time, the MDL Panel has transferred eight additional NCFE related cases to Chief Judge Graham for coordination with the seven cases previously transferred. Copies of those Transfer Orders are collectively annexed as Exhibit B.

4. In addition, three cases relating to NCFE were filed directly in the Ohio District Court and are also pending before Chief Judge Graham.[1] The Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ") have also filed a number of actions in the Ohio District Court against the founders and various executives of NCFE, including against plaintiff Lance Poulsen.[2] Thus, we understand that every pending case in the country related to NCFE is now before Chief Judge Graham, except this one. A chart of these NCFE related cases is annexed as Exhibit C.[3]

## THE POULSEN ACTION

5. Plaintiffs Lance Poulsen and Barbara Poulsen ("Plaintiffs" or "Poulsens") originally filed this action in the Supreme Court of the State of New York, New York County, on or about November 14, 2005 ("Poulsen Action"). The Defendants removed the Poulsen Action to the United States District Court for the Southern District of New York on December 15, 2005. The Poulsens thereafter filed a motion to remand on or about December 27, 2005.

6. On December 23, 2005, Defendants filed a Notice of Related Action before the MDL Panel requesting transfer of this action for consolidation with the now seventeen

---

[1] See The Unencumbered Assests Trust, et al. v. JP Morgan Chase Bank, et al., No. C2-04-1090 (S.D. Ohio); Poulsen v. Credit Suisse First Boston Corp., et al., No. C2-04-1097 (S.D. Ohio); and The Beacon Group III – Focus Value Fund, L.P., v. Poulsen, et al., No. 04-CV-697 (S.D. Ohio).

[2] See SEC v. Poulsen et al., No. C2-05-1142 (S.D. Ohio); SEC v. Stucke, No. C2-03-1161 (S.D. Ohio); SEC v. Snoble, No. C2-04-1089 (S.D. Ohio); SEC v. Gibson, No. C2-03-00737 (S.D. Ohio); United States v. Stucke, No. C2-03-207 (S.D. Ohio); United States v .Gibson, No. C2-03-119 (S.D. Ohio); United States v. Snoble, No. C2-04-193 (S.D. Ohio).

[3] Not included in the chart are the SEC and DOJ actions, and Bank One, N.A. v. Lance K. Poulsen, et al., No. 03-CV-394 (S.D. Ohio), which was dismissed after consolidation.

2

NCFE-related cases before Chief Judge Graham in the Ohio District Court ("Motion To Consolidate"). A copy of that notice is annexed as Exhibit D.

7. Defendants' motions to dismiss the Poulsen Action and response to the Poulsens' motion to remand are currently due on January 17, 2006.

8. On December 21 and 22, 2005, Defendants informed the Poulsens' counsel of their intention to move to dismiss the Poulsens' Complaint, and requested the Poulsens' consent to a temporary stay of the Poulsen Action pending a decision by the MDL Panel on the Motion To Consolidate so that the parties could brief the issues based on the proper legal precedents and applicable rules. A copy of a letter to the Poulsens' counsel dated December 22, 2005 is annexed as Exhibit E. The Poulsens responded by filing their motion for remand.

9. On December 30, 2005, I spoke to counsel for Plaintiffs reiterating Defendants' request for a stay of the proceedings pending the Motion to Consolidate, or at least an extension of time to file the motion to dismiss and to respond to the remand motion, in order to allow this Court to decide a motion to stay in the regular course. A letter to the Poulsens' counsel dated December 30, 2005 is annexed as Exhibit F. Plaintiffs' counsel declined to extend such deadlines and as such have forced Defendants to proceed by Order to Show Cause.

10. A temporary stay is needed to preserve judicial resources and prevent hardship to the parties. As set forth in the accompanying Memorandum of Law:

- Motions to dismiss the Poulsen Action and opposition to the Poulsens' motion to remand will be based in whole or in part on federal law, which will be determined by the jurisdiction in which this action is pending for pre-trial purposes. Briefing these issues prior to a decision by the MDL Panel on the Motion to Consolidate will waste the parties' time and resources;

3

- Because the MDL Actions and the Poulsen Action involve common issues of fact, a stay will preserve judicial resources and prevent hardship to the parties by avoiding duplicative pretrial proceedings, preventing uncoordinated, duplicative discovery, and preventing potentially conflicting decisions by different courts on the same issues of law. Motions to dismiss the Poulsen Action raise the same issues of law as currently pending motions to dismiss the MDL Actions. Likewise, the Poulsens' motion to remand presents the same legal issues as four other removed MDL Actions.[4]

- The Poulsens will not be prejudiced from a temporary stay because: (i) they just recently filed their Complaint; (ii) we expect the MDL Panel to soon decide the Motion to Consolidate (especially since the Defendants requested expedited consideration by the MDL Panel); and (iii) the Poulsens waited years to file this action despite, inter alia being aware of the allegations giving rise to their Complaint since November 2002 and making the *same allegations* against the Defendants in actions currently pending before Chief Judge Graham in the MDL Actions, only to have just recently dismissed, without prejudice, those same allegations.[5]

11.   Similar motions to stay other MDL Actions pending the MDL Panel's decision to transfer have been granted.[6] Parties to several other MDL Actions also consented to a stay or to an extension of time to respond to the complaint until the MDL Panel ruled.[7] Indeed, the Poulsens themselves consented to a stay in Poulsen v. Bank One, N.A., No. 04-CV-269

---

[4] See Rebecca S. Parrett v. Bank One, N.A., et al., No. 2:03-541 (D. Ariz.); City of Chandler, et al. v. Bank One, N.A., et al., No. 2:03-1220 (D. Ariz.); State of Arizona, et al. v. Credit Suisse First Boston LLC, et al., No. CV03-1618 (D. Ariz.); Crown Cork & Seal Company, Inc., et al. v. Credit Suisse First Boston LLC, et al., No. CV03-2084 (D. Ariz.).

[5] See Poulsen et al. v. Credit Suisse First Boston Corp., Case No. C2-04-1097 (S.D. Ohio); ING Bank N.V. v. JPMorgan Chase Bank, et. al., 03 CV 7396 (S.D.N.Y.).

[6] See Metropolitan Life Insurance Co., et al. v. Bank One, N.A., et al. and Lloyds TSB Bank PLC v. Bank One, N.A., et al., No. 03-CV-2784 (D.N.J.) D.E. 84 (annexed as Exhibit G); City of Chandler, et al. v. Bank One, N.A., et al., No. 03-CV-1220 (D. Ariz.) D.E. 189 (annexed as Exhibit H); Poulsen v. Bank One, N.A., 04-CV-269 (M.D. Fla.) D.E. 20 (annexed as Exhibit I). See also relevant pages from Metropolitan Life Insurance Co., et al. v. Bank One, N.A., et al. and Lloyds TSB Bank PLC v. Bank One, N.A., et al., No. 03-CV-2784 (D.N.J.) September 9, 2003 hearing (annexed as Exhibit J)

[7] See New York City Employees' Retirement System, et al. v. Bank One, N.A., et al., No. 03-CV-9973 (S.D.N.Y.) D.E. 14 (annexed as Exhibit K); ING Bank N.V. v. JPMorgan Chase Bank, et al., No. 03-CV-7396 (S.D.N.Y.) D.E. 14 (annexed as Exhibit L); ING Bank N.V. v. PricewaterhouseCoopers, LLP, 05-CV-7217 (S.D.N.Y.) D.E.7 (annexed as Exhibit M); Houlihan v. Andrews, et al., No. 03-CVC-656 (M.D. Fla.) D.E.72 (annexed as Exhibit N); Crown Cork & Seal Co., Inc., et al. v. Credit Suisse First Boston Corp., et al., No. 03-CV-2084 (D. Ariz.) D.E. 18 (annexed as Exhibit O).

(M.D.Fla.), making their opposition to Defendants' request for a stay inexplicable. A copy of Plaintiff's Response To Motion To Stay All Proceedings Pending Resolution Of Motion To Transfer, dated July 16, 2004, is annexed as Exhibit P.

12. No previous application for similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2006

_____
NICHOLAS J. PANARELLA

1073554

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lance Poulsen and Barbara Poulsen,<br><br>                      Plaintiffs,<br><br>v.<br><br>Harold W. Pote, Thomas G. Mendell,<br>and J.P. Morgan Chase & Co.,<br><br>                      Defendants. | AFFIDAVIT OF SERVICE BY<br>FEDERAL EXPRESS<br><br>No.: 05cv10575(LAK) |

STATE OF NEW YORK        )
                                       : SS.:
COUNTY OF NEW YORK    )

Nina Tringali, being duly sworn, deposes and states:

1.    I am not a party to this action and I am over 18 years of age.

2.    On 4th day of January, 2006, I served the annexed ORDER TO SHOW CAUSE STAYING ALL PROCEEDINGS; DECLARATION OF NICHOLAS J. PANARELLA and DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO CONSOLIDATE upon the following attorney at the address designated by them for service of papers:

Thomas J. Fellig
Fellig, Feinblum, Edelblum, & Schwartz
821 Franklin Avenue, Suite 203
Garden City, NJ 11530

by depositing a true copy thereof, in a secure envelope with Federal Express, for overnight delivery.

                                                                 Nina Tringali

Sworn to before me this
4th day of January, 2006.

_____
Notary Public

SEUNG WAN KIM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KI6045111
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JULY 24, 2006