# EXHIBIT A

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**Docketed**

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

November 13, 2003

TO INVOLVED COUNSEL

Re: MDL-1565 -- In re National Century Financial Enterprises, Inc., Investment Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel order filed today in the above-referenced matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized in transferring the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/
    Deputy Clerk

Enclosure

JPML Form 35

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 3 2003

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1565

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NATIONAL CENTURY FINANCIAL ENTERPRISES, INC., INVESTMENT LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

TRANSFER ORDER

This litigation consists of the seven actions listed on the attached Schedule A and pending in four districts: two actions each in the District of Arizona, the District of New Jersey and the Southern District of Ohio, and one action in the Middle District of Florida.[1] The matter is before the Panel upon the motion of Bank One, N.A., Bank One Corp., Banc One Capital Markets, Inc., JPMorgan Chase Bank, Credit Suisse First Boston LLC, Deloitte & Touche LLP, PricewaterhouseCoopers LLP, and Messrs. Mendell, Pote and Wilkinson, one or more of which are parties to (or affiliates of parties to) each of the various actions (in all but one as defendants). These parties move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Southern District of Ohio. Plaintiff in one of the Arizona actions has stated that she does not oppose coordination or consolidation "for purposes of discovery only." Oppositions to transfer have been lodged by plaintiffs in all of the remaining actions except the one Ohio action that is brought by Section 1407 movant Bank One N.A. Plaintiff in the Southern District of New York potential tag-along action also has registered its opposition to centralization in this docket. If the Panel does determine to order centralization, then plaintiffs in the two now consolidated District of New Jersey actions, the two District of Arizona actions, and the Southern District of New York potential tag-along action would all favor selection of the respective district in which they have brought suit as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All MDL-1565 actions are connected in one way or another to the financial

---

[1] Parties have also notified the Panel of four potentially related actions pending in the District of Arizona, the Middle District of Florida, the Middle District of Louisiana, and the Southern District of New York. In light of the Panel's disposition of this docket, these actions will be considered for treatment as potential tag-along actions in accordance with the Panel's Rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

collapse of National Century Financial Enterprises, Inc. (NCFE). We thus conclude that centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. To those parties opposing transfer on the basis of insufficient common questions, we accept that distinctions among the actions may prove to be such that certain actions or claims therein can be ready for remand in advance of other claims or actions. In that event, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-438 (2001). In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other actions.

Plaintiffs in the two District of Arizona actions suggest that a decision in their favor on pending motions to remand to state court may obviate the need for transfer of their actions. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990). Some opposing parties also suggest that transfer should be denied because voluntary alternative coordinating efforts are preferable to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

In concluding that the Southern District of Ohio is an appropriate forum for this docket, we note that i) many parties, witnesses and documents are likely to be found in that district where NCFE was headquartered, where its bankruptcy proceedings are pending, and where auditor and attorney defendants performed much of their work for NCFE; and ii) the Ohio forum is a geographically central district, not currently occupied with multiple other MDL assignments, that is equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable James L. Graham for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1565 -- In re National Century Financial Enterprises, Inc., Investment Litigation</u>

    <u>District of Arizona</u>

*Rebecca S. Parrett v. Bank One N.A., et al.*, C.A. No. 2:03-541
*City of Chandler, et al. v. Bank One, N.A., et al.*, C.A. No. 2:03-1220

    <u>Middle District of Florida</u>

*Michael Mahoney, et al. v. John F. Andrews, et al.*, C.A. No. 3:03-467

    <u>District of New Jersey</u>

*Metropolitan Life Insurance Co., et al. v. Bank One, N.A., et al.*, C.A. No. 2:03-1882
*Lloyds TSB Bank PLC v. Bank One, N.A., et al.*, C.A. No. 2:03-2784

    <u>Southern District of Ohio</u>

*Pharos Capital Partners, LP v. Deloitte & Touche, LLP, et al.*, C.A. No. 2:03-362
*Bank One, N.A. v. Lance K. Poulsen, et al.*, C.A. No. 2:03-394