# Exhibit D

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>NATIONAL CENTURY FINANCIAL<br>ENTERPRISES INC. INVESTMENT<br>LITIGATION | MDL DOCKET NO. 1565 |

### NOTICE OF RELATED ACTION

1.  Pursuant to 28 U.S.C. § 1407 and Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules"), Defendants Harold W. Pote ("Pote"), Thomas G. Mendell ("Mendell") and JPMorgan Chase & Co., f/k/a J.P. Morgan Chase & Co., ("JPMorgan") (collectively "Defendants") hereby notify the Judicial Panel on Multidistrict Litigation ("MDL Panel") of the pendency of a tag-along action to the above-captioned consolidated MDL proceeding:

> *Lance Poulsen and Barbara Poulsen v. Harold W. Pote, Thomas G. Mendell, and J.P.Morgan Chase & Co.*, **Civ. No. 05 CV 10575 (S.D.N.Y. 2005) (referred to LAK) ("Poulsen Action")**

2.  The Poulsens' counsel has informed counsel for Defendants that the Poulsens will oppose this Notice of Related Action. Therefore, Defendants further request issuance of an order to show cause pursuant to Rules 7.3 and 7.5(b) of the MDL Rules as to why this action should not be consolidated in the Southern District of Ohio with every other case in

the county that is related to the collapse of National Century Financial Enterprises, Inc. ("NCFE").

3. Plaintiffs Lance Poulsen and Barbara Poulsen (collectively "Plaintiffs" or "Poulsens") originally filed the Poulsen Action in the Supreme Court of the State of New York, New York County, on or about November 14, 2005. A copy of the Plaintiffs' Complaint in the Poulsen Action is attached hereto as Exhibit A ("Poulsen Compl."). Plaintiffs served Defendants with the Complaint in New York on or after December 6, 2005. Defendants thereafter removed the Poulsen Action to the United States District Court for the Southern District of New York on December 15, 2005. A copy of Defendants' Notice of Removal is annexed hereto as Exhibit B.

4. For the reasons set forth below, Defendants respectfully request that the MDL Panel transfer and consolidate the Poulsen Action with the seventeen (17) other NCFE-related actions consolidated by the MDL Panel before Chief Judge James L. Graham in the United States District Court for the Southern District of Ohio, Eastern Division.

**Prior Proceedings**

5. On July 8, 2003, several parties, including Defendants, moved to consolidate seven actions relating to the collapse of NCFE and its affiliates (collectively "NCFE Entities")[1] for coordinated pre-trial proceedings ("MDL Proceedings") in the Southern District of Ohio before Chief Judge Graham. Plaintiffs and Defendants in the Poulsen Action are parties to a number of these actions. The Poulsens did not object to consolidation, and thus by rule

---

[1] The seven actions are: *City of Chandler, et al. v. Bank One, N.A., et al.*, 03-cv-1220; *Parrett v. Bank One, et al.*, 03-cv-541; *Mahoney, et al. v. Andrews, et al.*, 03-467-v-25; *Lloyds TSB Bank, PLC v. Bank One, N.A.*, 03-cv-2784; *Metropolitan Life Insurance Co., et al. v. Bank One N.A.*, et al., 03-cv-1882; *Bank One N.A. v. Poulsen, et al.*, 03-394; *Pharos Capital Partners, L.P. v. Deloitte & Touche, L.L.P., et al.*, 03-cv-362.

2

acquiesced to the transfer. *See* MDL Rule 7.2(c). The MDL Panel granted the motion to consolidate on November 13, 2003. *See* MDL Docket Entry ("MDL DE") 1.

6. Since then, motions to consolidate eight tag-along actions relating to the collapse of NCFE[2] have been filed with, and granted by, the MDL Panel.[3] As with the seven original actions, the Poulsens and Defendants are parties to many of the tag-along actions, and the Poulsens acquiesced to their transfer. The actions include: (i) *Lance Poulsen et al. v. Bank One*, CA No. 2:04-269 (MD Fla.), an action which Lance Poulsen originally commenced in the Middle District of Florida and then affirmatively consented to transfer to the Southern District of Ohio for pre-trial consolidation (*see* Exhibit C hereto); and (ii) *ING Bank N.V. v. JPMorgan Chase Bank, et al.*, 03-CV-7396 ("ING Action"), an action in which Lance Poulsen, Pote, Mendell and JPMorgan Chase Bank, N.A. are all named defendants, and in which Lance Poulsen brought a cross-claim against JPMorgan Chase Bank, N.A. seeking the same relief he seeks in the Poulsen Action—recovery for the alleged diminution in value of his NCFE stockholdings as a result of the NCFE Entities' bankruptcy. Mr. Poulsen withdrew that cross-claim without prejudice on November 30, 2005, about two weeks *after* he filed his complaint in the Poulsen Action.

---

[2] These eight tag-along actions are: *Amedisys et al. v. JPMorgan Chase Manhattan Bank as Trustee, et al.*, No. 02-2576; *State of Arizona, et al. v. Credit Suisse First Boston LLC, et al.*, No. CV03-1618 (PHX) (JWS); *ING Bank N.V. v. JPMorgan Chase Bank, et. al.*, 03 CV 7396; *Houlihan et al. v. Andrews et al.*, 3:03-CV-656; *Crown Cork & Seal Company, Inc., et al. v. Credit Suisse First Boston LLC, et al.*, No. CV03-2084; *New York City Employees' Retirement System v. Bank One, N.A., et al.*, 03-CV-09973; *Poulsen v. Bank One, N.A.*, 04-CV-269; and *ING Bank N.V., v. PricewaterhouseCoopers, LLP*, 05-CV-7217.

[3] *See* MDL DE 46, 204, 500, 665.

3

7. In addition, three cases relating to NCFE were filed directly in the Southern District of Ohio and are also pending before Chief Judge Graham.[4] By rule, these cases did not need to be formally consolidated by the MDL Panel. *See* MDL Rule 7.5(a). One of these cases is *Poulsen et al. v. Credit Suisse First Boston Corp.*, Case No. C2-04-1097 (S.D. Ohio), an action filed by the Poulsens against several defendants, including originally Pote and Mendell. The Poulsens voluntarily dismissed that suit against Pote and Mendell without prejudice before filing the instant action. As with their cross-claims against JPMorgan Chase Bank, N.A. in the ING Action, the Poulsens sought the same recovery for the same alleged wrongdoing as they do in the Poulsen Action. The Poulsens also admitted that "all of the Poulsens' claims arose in [the Southern District of Ohio]." *See* ¶ 17, *infra*.

8. In total, there are now seventeen cases relating to the collapse of NCFE pending before Chief Judge Graham.[5] Discovery has been stayed in these consolidated MDL Proceedings due to the pendency of dispositive motions to dismiss.

9. In addition to the MDL Proceedings, on December 21, 2005, the Securities and Exchange Commission ("SEC") filed a civil enforcement action in the United States District Court for the Southern District of Ohio, Eastern Division, before Chief Judge Graham against Plaintiff Lance Poulsen and three other founders or executives of NCFE—Donald Ayers, Rebecca Parrett and Randolph Speer—for conspiring to defraud NCFE investors. Previously, the SEC brought civil enforcement actions and obtained judgments in the Southern District of Ohio against three other former employees of NCFE—John A. Snoble, Brian J. Stucke, and

---

[4] These cases are: *The Unencumbered Assests Trust et al. v. JP Morgan Chase Bank*, C2-04-1090; *Poulsen v. Credit Suisse First Boston Corp., et al.*, C2-04-1097; and *The Beacon Group III – Focus Value Fund, L.P., v. Poulsen, et al.*, 04-CV-697.

[5] *Bank One N.A. v. Poulsen, et al.*, 03-394 (S.D. Ohio) has been dismissed. *See* DE 48.

Sherry L. Gibson—for participating in the same conspiracy.[6] In addition, the Department of Justice ("DOJ") has obtained plea agreements against Messrs. Stucke and Snoble and Ms. Gibson in the United States District Court for the Southern District of Ohio, Eastern Division, wherein each admits to conspiring with the other executives and founders of NCFE to defraud NCFE investors.[7]

10.  Further, the NCFE Entities voluntarily filed for Chapter 11 bankruptcy protection on November 18, 2002 in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, in a case entitled *In re National Century Financial Enterprises, Inc.*, Case No. 2:02-bk-65235 ("NCFE Bankruptcy Proceedings"). The claims of the NCFE Entities have been transferred and assigned to a successor-litigation trust called the Unencumbered Assets Trust ("UAT"), which now has the exclusive right to pursue such claims to recover assets of the NCFE Entities' bankruptcy estate for distribution to creditors. The UAT has brought an action against the Poulsens, JPMorgan Chase Bank, N.A. and others in the Southern District of Ohio. *See* n. 5, *supra*. The Poulsens also have filed Proofs of Claims in the NCFE Bankruptcy Proceedings. These Proofs of Claims and the various actions commenced by

---

[6] The SEC specifically alleges in its complaint against Mr. Poulsen and other former NCFE insiders that NCFE officials and personnel systematically defrauded the purchasers of notes issued by NPF VI and NPF XII, created shortfalls in the reserve accounts of as much as $400 million dollars, took deliberate steps to hide these shortfalls by transferring funds between NPF VI and NPF XII, overstated the collateral securing the notes, created false documents, and misrepresented the status of the reserve accounts and collateral base in personal contacts with trustees and others. *See* SEC Stucke Compl. ¶¶ 25-30 (Case No. C2-03-1161); SEC Snoble Compl. ¶¶ 25-30 (Case No. C2-04-1089); SEC Gibson Compl. ¶¶ 24-29 (Case No. C2-03-00737); and SEC Poulsen Compl. ¶¶ 4-7, 122-124 (Case No. C2-05-1142).

[7] Messrs. Snoble, Stucke and Ms. Gibson have admitted that they conspired to defraud investors by "any falsification of information and reports, creation of fraudulent documents to mislead auditors and investors, transfer of hundreds of millions of dollars between and among bank accounts of NPF VI and NPF XII to deceive trustees and investors about balances in those accounts, and execution of a Ponzi scheme to divert proceeds from the offer and sale of NPF VI and NPF XII notes." *See United States v. Stucke*, Statement of Facts, at 2-3 (Case No. C2-03-207). *See also United States v .Gibson*, Statement of Facts, at 2-3 (Case No. C2-03-119); and *United States v. Snoble*, Information, at 4-5 (Case No. C2-04-193).

5

the UAT are pending in the Southern District of Ohio, along with every other NCFE-related case in the country except the Poulsen Action.

**The Poulsen Action Should Be Consolidated**

11.     Pursuant to 28 U.S.C. § 1407(a), the MDL Panel may transfer civil cases pending in different districts for pretrial coordination or consolidation when: (1) such cases involve "one or more common questions of fact"; (2) consolidation or coordination "will be for the convenience of the parties and witnesses"; and (3) consolidation or coordination "will promote the just and efficient conduct" of such cases. 28 U.S.C. § 1407(a). The Poulsen Action meets this standard for multiple reasons.

12.     As the MDL Panel has repeatedly held, a common set of complex facts, such as those in the Poulsen Action and the MDL Proceedings, is grounds for consolidation. *See, e.g., In re Xerox Corp. Sec. Litig.*, 211 F. Supp. 2d 1382, 1383 (J.P.M.L. 2002) (consolidating actions raising common questions of fact arising out of allegations that entities engaged in improper accounting practices); *In re N.M. Natural Gas Antitrust Litig.*, 482 F. Supp. 333, 336 (J.P.M.L. 1979) (consolidating actions because they shared "complex factual questions relating to an alleged price-fixing scheme involving a complicated series of interconnecting personal and corporate relationships"); *In re Abercrombie & Fitch Co. Sec. Litig.*, No. 1336, 2000 U.S. Dist. LEXIS 4717, at *2 (J.P.M.L. Apr. 12, 2000) (consolidating actions that involve common questions of fact concerning misrepresentations about a company's performance); *In re Tex. Gulf Sulphur Sec. Litig.*, 344 F. Supp. 1398, 1400 (J.P.M.L. 1972); *In re N.M. Natural Gas Antitrust Litig.*, 482 F. Supp. 333, 336 (J.P.M.L. 1979).

13.     Here, the Poulsens *admit* that the Poulsen Action is related to and "arises out of some of the same facts" as the actions in the MDL Proceedings. On December 14, 2005,

the Poulsens filed a Request for Judicial Intervention in New York State Supreme Court (after the action had been removed by Defendants) in which they correctly identify the MDL Proceedings pending before Chief Judge Graham in the Southern District of Ohio as a "Related Case." *See* Exhibit D hereto. Their present objection to transfer and consolidation is inexplicable in light of this admission, which alone warrants transfer and consolidation of the Poulsen Action with the MDL Proceedings.

14.     The Complaint in the Poulsen Action plainly demonstrates why this action should be consolidated. Plaintiffs in the Poulsen Action were shareholders of NCFE and served as senior officers and directors of various NCFE Entities. The Poulsens assert that they were harmed because Defendants Pote and Mendell, as alleged directors of NPF VI, NPF XII, and NCFE and allegedly acting at the direction of JPMorgan, forced allegedly healthy NCFE Entities into bankruptcy, thereby causing the loss of Plaintiffs' equity interests in NCFE. *See, e.g.*, Poulsen Compl., ¶¶ 3-5, 52, 56, 59-61, 68, 70, 73, 75, 81, 84-86, 100-02.

15.     Thus, the Poulsen Action concerns the exact issue that is central to all of the other NCFE actions consolidated by the MDL Panel, *i.e.*, the reasons for NCFE's collapse and who is to blame. While the Poulsens claim the NCFE Entities were healthy companies that the Defendants forced into bankruptcy, nearly all of the other actions in the MDL Proceedings, the SEC's action against Mr. Poulsen, and the criminal plea agreements by NCFE insiders allege or admit that the NCFE Entities became bankrupt as a result of the fraudulent scheme perpetrated by Lance Poulsen and other senior insider executives of NCFE. *Compare* Poulsen Compl., p. 10 ("NCFE and its subsidiaries NPF VI and NPF XII were unnecessarily and improperly plunged into bankruptcy in November 2002") *with* Chandler Compl., ¶ 115 ("Defendant Ayers…together with Parrett, Poulsen and Poulsen's wife, Barbara, founded [NCFE, and]…all four were actively

7

involved in the management of NCFE and each played an integral role in the fraud perpetrated on the investors"); ING Compl., ¶¶ 1, 3 (alleging "enormous fraud" at NCFE orchestrated by Lance Poulsen that resulted in the alleged "loss of approximately $3 billion of investor money"); UAT Compl. ¶¶ 148, 158, 385-95, 411-13 (alleging that Lance Poulsen orchestrated a fraudulent scheme that led to the NCFE bankruptcy); SEC Poulsen Compl., ¶¶ 1, 4-5, 7, 35-37, 41-42, 64-66, 70-161, 183-185 (alleging Poulsen "personally directed National Century's scheme to defraud investors").[8] The Poulsens' perspective on who is to blame and their assessment of the financial stability of NCFE is irrelevant. What is relevant for purposes of consolidation is that the same basic facts concerning the collapse of NCFE are at issue in both the Poulsen Action and the MDL Proceedings.

16. The Poulsen Action also shares several other common issues with the actions in the MDL Proceedings. For example:

- The Poulsens allege in their Complaint that Defendants allegedly controlled the NCFE Entities. *See, e.g.,* Poulsen Compl., p. 5, 10-12, ¶¶ 33-36. This is the exact same issue the Defendants face in many of the actions in the MDL Proceedings.[9]

- The Poulsens allege that Defendant JPMorgan is liable under the doctrine of respondeat superior for the acts of Defendants Pote and Mendell. *See, e.g.,* Poulsen Compl., ¶¶ 75, 81, 91, 102. This allegation has been repeatedly raised against JPMorgan in many of the actions in the MDL Proceedings.[10]

- The Poulsens accuse JPMorgan Chase Bank, N.A., as an indenture trustee, and Defendants Pote and Mendell, as directors of NCFE, of violating fiduciary duties allegedly owed to noteholders, NPF VI and the Poulsens. *See, e.g.,* Poulsen Compl., ¶¶ 60, 64-68, 75, 81,

---

[8] *See also* Lloyds Compl., ¶ 146; Metlife Compl., ¶ 120; NYCERS Compl. ¶ 189; Crown Cork Compl. ¶ 115, State of Arizona Compl. ¶ 120; Houlihan Compl. ¶ 53; Mahoney Compl. ¶ 53.

[9] *See, e.g.,* Houlihan Compl., ¶¶ 22, 25, 56; Mahoney Compl., ¶¶ 22, 25, 56; Metlife Compl., ¶¶ 8, 28, 167, 171; Lloyds Compl., ¶¶ 10, 33, 210, 214 ; NYCERS Compl., ¶¶ 11(f), 38, 129, 136; ING Compl., ¶¶ 28, 95-99; Chandler Compl., ¶ 168; Parrett Compl., ¶ 35, 79.

[10] *See, e.g.,* Metlife Compl., ¶¶ 174-77; Lloyds Compl., ¶¶ 217-20; Chandler Compl., ¶¶ 167, 423-426; ING Compl., ¶¶ 15, 96, 220-227; NYCERS Compl., ¶¶ 125-142, 251-258; Pharos Compl., ¶¶ 83-89.

99-106. These exact same issues—the duties of an indenture trustee and directors and whether such duties were breached—have been raised in many of the actions in the MDL Proceedings.[11]

- Also at issue in several of the actions in the MDL Proceedings is the Poulsens' lack of standing to maintain a direct cause of action against the Defendants because the harm of which they complain—the diminution of value in their equity investment in NCFE—accrues to the corporation alone.[12]

17. Indeed, the action that the Poulsens voluntarily filed in the Southern District of Ohio, *Poulsen v. Credit Suisse First Boston Corp., et al.*, C2-04-1097 ("Poulsen/CSFB Action"), that remains pending before Chief Judge Graham involves a number of allegations that are also made in the Poulsen Action. Similar to the Poulsen Action, the Poulsen/CSFB Action (which originally named Pote and Mendell as defendants) alleges that the defendants therein prevented NCFE from going public, thereby forcing the NCFE Entities into bankruptcy and injuring the Poulsens by diminishing the value of their equity investment in NCFE. *Compare*, Poulsen/CSFB Compl. ¶¶ 18-20 (discussing NCFE initial public offering and private offering), *with* Poulsen Compl. ¶¶ 38-43 (same); *compare*, Poulsen/CSFB Compl. ¶¶ 37-39 (discussing amortization of $355 million of NPF XII notes and $150 million Variable Funding Note), *with* Poulsen Compl. ¶¶ 57-58 (same); *compare*, Poulsen/CSFB Compl. ¶¶ 53-54 (discussing resignation of Lance Poulsen), *with* Poulsen Compl. ¶¶ 63-64 (same).

18. The Poulsen Action raises several other legal and factual issues common to a number of the actions in the MDL Proceedings. For example, the Poulsens assert claims for fraud, breach of fiduciary duty, civil conspiracy, gross negligence, and negligence. These same claims, which are based on the same disputed facts, are raised in nearly every other NCFE-

---

[11] *See, e.g.*, Metlife Compl., ¶¶ 162-65, 174-77; Lloyds Compl., ¶¶ 198-201, 217-20; Chandler Compl., ¶¶ 167, 395-400, 423-426; ING Compl., ¶¶ 15, 96, 191-202, 220-227; NYCERS Compl., ¶¶ 64-92, 240-258; Crown Cork Compl., ¶¶ 165, 308-313, 323-325, State of Arizona Compl., ¶¶ 170, 339-44, 354-356; UAT Compl., ¶¶ 239, 610-613.

[12] *See, e.g., Parrett v. Bank One, et al.*, 03-cv-541; *Poulsen v. Credit Suisse First Boston Corp., et al.*, C2-04-1097.

9

related action in the MDL Proceedings.[13] Like the Poulsen Action, actions in the MDL Proceedings also raise the issues of proximate cause and comparative fault. Many of these common legal issues have been and will be raised at the motion to dismiss stage, including whether the complaints adequately state causes of action and are pled with sufficient specificity and standing. Without consolidation of the Poulsen Action with the other NCFE-related actions, there is a considerable risk of inconsistent determinations regarding these and other issues of law.

19.     Moreover, without consolidation, there will be duplicative and unnecessary pretrial proceedings that will burden judicial resources. *See, e.g., In re Reliance Sec. Litig.*, 135 F. Supp. 2d 480, 499 (D. Del. 2001) (holding that consolidating pre-trial proceedings "was necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and to conserve the judicial resources of the parties, their counsel and the judiciary"); *In re S.E. Props. Ltd. P'ship Investor Litig.*, 796 F. Supp. 538, 539 (J.P.M.L. 1992) (same); *In re Transocean Tender Offer Sec. Litig.*, 415 F. Supp. 382, 384 (J.P.M.L. 1976); *In re Practice of Naturopathy Litig.*, 434 F. Supp. 1240, 1243 (J.P.M.L. 1986); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975).

20.     Furthermore, because the Poulsen Action and the actions in the MDL Proceedings have similar factual underpinnings, much of the discovery will overlap. The Poulsens and the Defendants undoubtedly will engage in the same discovery in the Poulsen Action as in the other cases pending before Chief Judge Graham—depositions of the same witnesses and similar document requests and interrogatories. Consolidation of the Poulsen

---

[13]   *See, e.g.*, ING Compl., ¶¶ 124-38, 163-69, 191-08, 228-51; Chandler Compl., ¶¶ 216-22, 378-81, 395-400, 410-12, 418-22; Parrett Compl., ¶¶ 155-164; NYCERS Compl., ¶¶ 250-58, 300-05; Lloyds Compl., ¶¶ 198-201; Metlife Compl., ¶¶ 162-65.

Action with the MDL Proceedings will benefit all parties by reducing the need for duplicative depositions, document production and written discovery. *See, e.g., In re Regents of the Univ. of Cal.*, 964 F.2d 1128, 1135-36 (Fed. Cir. 1992) (upholding the decision of the MDL Panel to transfer for consolidated or coordinated pretrial proceedings where, among other things, the MDL Panel relied on the need for depositions common to all actions); *In re Gen. Tire & Rubber Co. Sec. Litig.*, 429 F. Supp. 1032, 1034 (J.P.M.L. 1977) (placing actions "under the control of a single judge" in order to "ensure that duplicative discovery on the complex factual questions will be prevented"); *In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F. Supp. 244, 247 (J.P.M.L. 1978) (finding transfer "necessary in order to prevent duplicative discovery concerning the same documents and witnesses").

**Request For Show Cause Order**

21.     Finally, the Poulsens waited years to file the Poulsen Action despite, *inter alia*: (i) being aware of the allegations giving rise to their Complaint since at least the NCFE bankruptcy in November 2002; (ii) making the *same allegations* against the Defendants in actions currently pending before Chief Judge Graham in the MDL Proceedings, only to have just recently dismissed, without prejudice, those same allegations; (iii) being named parties to many such actions before Chief Judge Graham since 2003; and (iv) the pendency of many motions to dismiss in the MDL Proceedings since 2004. When Plaintiffs did file the Poulsen Action, they did so in state court in New York, despite having filed essentially the same claims previously in the MDL Proceedings in the Southern District of Ohio. The Poulsens' actions appear to have been purposefully designed to avoid having this unmistakably related action consolidated with the MDL Proceedings.

22.     Plaintiffs' counsel has informed Defendants' counsel that Plaintiffs will oppose transfer and consolidation of the Poulsen Action, despite the obvious overlap between the Poulsen Action and the MDL Proceedings and Plaintiffs' admission that the cases are related to and arise out of the same facts. *See* Exhibit D, hereto. Therefore, "in anticipation of opposition to transfer," Defendants respectfully request pursuant to MDL Rule 7.5(b) that the MDL Panel direct the Clerk to file a show cause order in accordance with MDL Rule 7.3, in order to expedite consideration of whether to consolidate the Poulsen Action as a tag-along action.

For all of the foregoing reasons, Defendants Harold W. Pote, Thomas G. Mendell and JPMorgan Chase & Co. respectfully request that the MDL Panel consolidate the Poulsen Action with every other NCFE-related case in the country, all of which are pending in the MDL Proceedings before Chief Judge Graham in the Southern District of Ohio.

Dated: December 23, 2005

                          Respectfully submitted,

                          SIMPSON THACHER & BARTLETT LLP

                          By: _____
                                 Barry R. Ostrager
                                 Mary Kay Vyskocil
                                 Andrew T. Frankel
                                 Kyle A. Lonergan
                          425 Lexington Avenue
                          New York, NY 10017
                          (212) 455-2000 (voice)
                          (212) 455-2502 (facsimile)

                          Attorneys for Defendants Harold W. Pote and
                          Thomas G. Mendell

                          KELLEY DRYE & WARREN LLP

                          By: _____
                                 John M. Callagy
                                 William A. Escobar
                                 Nicholas J. Panarella
                          101 Park Avenue
                          New York, NY 10178
                          (212) 808-7800 (voice)
                          (212) 808-7897 (facsimile)

                          Michael A. Pearce
                          JPMorgan Chase & Co. Legal Department
                          One Chase Manhattan Plaza, 26th Floor
                          New York, New York 10081
                          (212) 552-2852 (voice)
                          (212) 552-5964 (facsimile)

                          Attorneys for Defendant JPMorgan Chase & Co.

1066081