# Exhibit E

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

December 22, 2005

NICHOLAS J. PANARELLA
DIRECT LINE (212) 808-7889
E-MAIL: npanarella@kelleydrye.com

**BY FACSIMILE**

Stephen L. Snyder, Esq.
Roy L. Mason, Esq.
Snyder, Slutkin & Snyder
1829 Reisterstown Road, Suite 100
Baltimore, MD 21208

Re:   Poulsen et al. v. Pote et al.

Dear Messrs. Snyder and Mason:

This firm represents Defendant JPMorgan Chase & Co. in the above referenced action. This letter follows up on a conversation held yesterday among Tom Fellig, Kyle Lonergan and Joel Hankin concerning how the parties plan to proceed in the above matter. Last week, we informed Mr. Fellig that Defendants had removed this action to federal court and intended to consolidate it with the multitude of NCFE-related actions that are part of the MDL proceedings pending before Chief Judge Graham in the Southern District of Ohio. We asked Mr. Fellig at that time for Plaintiffs' position with respect to removal and MDL consolidation.

Mr. Fellig indicated on yesterday's call that Plaintiffs will seek to remand the action to New York state court and will object to consolidation. While we believe that such positions are meritless, as *all* cases nationwide relating to NCFE have been consolidated on the federal level before Chief Judge Graham in the Southern District of Ohio, we write to reiterate our proposal to Mr. Fellig that the parties proceed in an orderly fashion to resolve these issues.

As discussed with Mr. Fellig yesterday, Defendants soon will request that the MDL Panel consolidate this case with all other NCFE-related actions before Chief Judge Graham. Given that this motion will be pending (with a high likelihood that the action will end up in the Southern District of Ohio), it does not make sense for the parties to brief -- or for the Southern District of New York court to consider -- a remand motion or motions to dismiss the complaint. These motions, either in whole or part, will be governed by the rules and substantive law of the jurisdiction determined by the MDL Panel. Thus, it would be a waste of time and resources for the parties to brief and the courts to consider the issues before the MDL motion is decided. Indeed,

KELLEY DRYE & WARREN LLP

Stephen L. Snyder, Esq.
Roy L. Mason, Esq.
December 22, 2005
Page Two

under these very same circumstances in the other related NCFE cases that originated outside the Southern District of Ohio in which your clients are defendants – including the ING and NYCERS actions that originated in the Southern District of New York -- the parties either reached agreement to this effect or the presiding federal district court imposed a stay pending resolution of the MDL motion.

As you know, the current schedule calls for a response to Plaintiffs' complaint on January 17, 2005. We propose that the parties agree that responsive papers to the complaint be due thirty (30) days after the MDL motion is decided. Pursuant to this schedule, the parties can brief the issues based on the proper legal precedents and applicable rules.

Please let us know by December 27, 2005 if this is acceptable.

Very truly yours,

Nicholas J. Panarella

cc:   Thomas J. Fellig
      Kyle A. Lonergan
      Joel A. Hankin

NY01/HANKJ/1072291.2