# Exhibit H

```
         FILED      ___ LODGED
         RECEIVED   ___ COPY

           OCT - 1 2003

       CLERK U S DISTRICT COURT
         DISTRICT OF ARIZONA
       BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Chandler, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Bank One, N.A., et al.,<br><br>　　　　Defendants. | No. CIV 03-1220-PHX-ROS<br><br>**ORDER** |

Pending before the Court is certain Defendants' Motion to Stay All Proceedings Pending Decision by MDL Panel on Motion for Transfer and Coordination or Consolidation ("Motion to Stay"). [Doc. #10.] This Order sets forth the Court's ruling on this motion. A written opinion will follow.

**IT IS ORDERED** that the Motion to Stay filed by Defendants JP Morgan Chase Bank, PricewaterhouseCoopers LLP, Deliotte & Touche LLP, Credit Suisse First Boston LLC, Bank One, N.A., Banc One Capital Markets, Inc., Bank One Corporation, Thomas G. Mendell, Harold W. Pote, and Eric R. Wilkinson [Doc. #10] is **GRANTED**. All proceedings in this action – including discovery – are stayed pending a resolution of the motions before the Judicial Panel on Multidistrict Litigation.

DATED this 29 day of September, 2003.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Roslyn O. Silver
　　　　　　　　　　　　　　　　　United States District Judge

Docketed

FILED ___ LODGED
RECEIVED ___ COPY

OCT 1 5 2003

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| City of Chandler, | ) | No. CV 03-1220-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank One, N.A., et. al., | ) | |
| Defendant. | ) | |

In May 2003, 99 Arizona governmental entities and dozens of other plaintiffs filed suit in Arizona state court against defendants connected to the financial collapse of National Century Financial Enterprises ("NCFE") and its subsidiaries. On June 26, 2003, a group of ten defendants (the "Removing Defendants") removed this action to federal court. On July 8, 2003, the Removing Defendants filed a Motion to Stay the action until the Judicial Panel on Multidistrict Litigation decides whether the action should be transferred to Ohio for coordinated pretrial proceedings. The Court granted the Removing Defendants' Motion to Stay on September 29, 2003,[1] promising that a written opinion would follow. [Doc. #180.] This is that opinion.

---

[1] The Court vacated the hearing scheduled for October 3, 2003 because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decisional process. See Mahon v. Credit Bur. of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999), modified, No. 97-17298, 1999 U.S. App. LEXIS 8016; Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group., Inc. v. Pacific Dev. Malibu Corp., 933 F.2d 724, 729 (9th Cir. 1991), cert denied, 503 U.S. 920 (1992).

## BACKGROUND

Plaintiffs filed this action on May 23, 2003 in the Superior Court of Maricopa County, Arizona. Their claims arise out of the financial collapse of NCFE and its affiliates in November 2002. NCFE provided financing to health care providers through the purchase of accounts receivables at a discount. (Am. Compl. ¶¶ 13, Exh. A. to Notice of Removal [Doc. #1].) NCFE acquired the funds to purchase these receivables by issuing a series of notes to noteholders. (Id.) Between 1990 and 2002, NCFE issued roughly $3 billion in notes. (Id. ¶ 12.) Plaintiffs invested roughly $1.3 billion in those notes. (Id. ¶ 11.)

According to Plaintiffs, their notes are now virtually worthless. (Id.) Plaintiffs allege that the principals of NCFE orchestrated a massive fraud to misappropriate billions of dollars from noteholders. (Id.) Among other things, they allege that: (i) NCFE wrongfully made unsecured loans to health care providers in which NCFE principals held an interest, (ii) NCFE disseminated fraudulent investor reports regarding the nature and amount of collateral for the notes, and (iii) NCFE engaged in a kiting scheme to create the impression that the notes were backed by sufficient cash reserves. (Id.) Plaintiffs claim that NCFE kept its scheme afloat by continuing to issue more and more notes to investors. (Id.)

Plaintiffs have not sued NCFE or its subsidiaries in this action. NCFE and its subsidiaries filed for Chapter 11 bankruptcy in the United States District Court for the Southern District of Ohio in November 2002. (Notice of Removal ¶ 2 [Doc. #1].) This lawsuit claims that NCFE was assisted in its alleged fraud by the named Defendants. Those defendants include NCFE's founders,[2] the founders' alleged alter egos,[3] the underwriters of

---

[2] Lance Poulsen, Barbara Poulsen, Rebecca S. Parrett, and Donald Ayers. (Am. Compl. ¶ 3.)

[3] E&D Investments, Inc. and Kuld Corp. (aka Kuld Parters LLC), the alleged alter egos of Donald Ayers and Lance Poulson. (Id. ¶ 62.)

the notes,[4] two indenture trustees,[5] NCFE's law firm,[6] investment banking firms that held interests in NCFE,[7] and three officers of those firms.[8] The Amended Complaint asserts 34 state common law and statutory claims against the Defendants, including common law fraud, common law conspiracy, common law aiding and abetting, and claims under the securities laws of Arizona and seven other states.

On June 26, 2003, a group of ten defendants[9] removed this action to the District of Arizona under 28 U.S.C. §§ 1452(a) and 1334(b) because of the litigation's relationship to the NCFE bankruptcy (Notice of Removal ¶¶ 3, 9).[10] On July 8, 2003, the Removing Defendants moved to stay this litigation until the JPML determines whether it should be transferred to the United States District Court for the Southern District of Ohio for consolidation. (Rem. Defs.' Mot. to Stay at 1, [Doc. # 10].) The JPML set a hearing to consider the Removing Defendants' Motion to Transfer for October 9, 2003.

---

[4] Credit Suisse First Boston LLC, Banc One Capital Markets, Inc., and Bank One Corp. (Id. ¶ 50.)

[5] JP Morgan Chase Bank and Bank One, N.A. (Id. ¶ 4.)

[6] Purcell & Scott, Co. LPA. (Id.)

[7] The Beacon Group LLC, The Beacon Group III – Focus Value Fund LP, JP Morgan Chase & Co., JP Morgan Partners LLC. (Id. ¶¶ 166-67.)

[8] Thomas G. Mendell, Harold W. Pote, and Eric R. Wilkinson. (Id.)

[9] The Removing Defendants consist of Bank One, N.A., Bank One Corp., Banc One Capital Markets, Inc., JP Morgan Chase & Co., JP Morgan Partners LLC, JP Morgan Chase Bank, The Beacon Group LLC, Deliotte & Touche LLP, PricewaterhouseCoopers LLP, and Credit Suisse First Boston LLC. (Notice of Removal ¶ 11.) Defendant Rebecca S. Parrett has not consented to removal. (Def. Parrett's Mot. for Remand or Abstention at 3.)

[10] Apparently, no other basis for federal jurisdiction exists. The suit raises state law claims only and the parties are non-diverse – Defendant Rebecca S. Parrett is allegedly a resident of Maricopa County, Arizona (Am. Compl. ¶ 61).

1   This case is one of at least nine pending in various federal district courts throughout
2   the country surrounding the collapse of NCFE and its affiliates.[11] The Removing Defendants
3   represent that all of the claims in these cases stem from the collapse of NCFE and the
4   allegations of fraud concerning NCFE's operations. (Rem. Defs.' Mot. for Transfer ¶ 12.)
5   They allege that the cases involve similar claims of breach of contract, breach of fiduciary
6   duty, unjust enrichment, negligence, and violations of state securities laws and other state
7   statutes. (Id. ¶ 8.) They further allege that the cases involve common jurisdictional issues,
8   such as whether the Removing Defendants' potential indemnity claims against NCFE give rise
9   to "related to" jurisdiction under the bankruptcy removal statutes. (Rem. Defs.' Reply in Supp.
10  of Mot. to Stay at 7 [Doc. #68].)

11  At least two NCFE-related cases – Metropolitan Life and Lloyds TSB Bank – have
12  already been stayed pending the JPML's decision on transfer. (See Rem. Defs.' Supplemental
13  Citation of Authority in Supp. of Mot. to Stay at 1-3 [Doc. #173].) In those cases, Magistrate
14  Judge Patty Shwartz of the District of New Jersey granted the Removing Defendants' stay
15  motions because "the factual allegations and legal claims overlap between the [NCFE] cases"
16  and "[a stay] will conserve judicial resources and avoid duplicative pretrial proceedings . . .
17  ." (Id., Exh. 2 at 71-72.)

18  Plaintiffs and Defendant Parrett oppose the Removing Defendants' Motion to Stay.
19  (Pls.' Resp. in Opp. to Mot. to Stay [Doc #45]; Def. Parrett's Resp. to Mot. to Stay [Doc.
20  #53].) They have also filed motions requesting that the Court remand this action to Arizona
21  state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. (Pls.' Mot. to

---

[11]The other cases are: Bank One, N.A. v. Poulson, et al., 03-CV-394 (S.D. Ohio), Pharos Capital Partners, L.P v. Deliotte & Touche, L.L.P., et al., 03-CV-362 (S.D. Ohio), Metropolitan Life Ins. Co., et al. v. Bank One N.A., 03-CV-1882 (D.N.J.), Lloyds TSB Bank v. Bank One, et al., 03-CV-2784 (D.N.J.), Mahoney, et al. v. Andrews, et al., 03-467-CV-25 (M.D. Fla.), Amedisys, Inc., et al. v. JP Morgan Chase Bank, et al., 03-CV-224-C-M3 (M.D. La.), Parrett v. Bank One, N.A., et al., 03-CV-541 (D. Ariz.) (Murguia, J.), and State of Arizona v. Credit Suisse First Boston, et al., 03-CV-1618 (D. Ariz.) (Martone, J.). (See Rem. Defs.' Mot. for Transfer, Sch. A., filed as courtesy copy with the Court; Rem. Defs.' Resp. to Pls.' Mot. to Transfer at 2 [Doc. #163].)

1  Remand or Abstain [Doc. #86]; Def. Parrett's Mot. for Remand or Abstention [Doc. #67]).
2  Alternatively, Plaintiffs and Parrett move that the Court abstain under 28 U.S.C. §§ 1334(c)(1)
3  or (c)(2) or remand on equitable grounds under 28 U.S.C. § 1452(b).[12] Id. Defendant Parrett
4  also requests that the Court remand because all defendants did not consent to removal. (Def.
5  Parrett's Mot. for Remand or Abstention at 3.)

6       Several additional motions have been filed with the Court, including nine motions to
7  dismiss [Docs. #44, 115, 116, 117, 121, 125, 130, 147, and 151] and a motion filed by
8  Plaintiffs to consolidate City of Chandler with State of Arizona [Doc. #155]. These motions,
9  however, were not fully briefed when the Court issued its decision on the Motion to Stay.

## DISCUSSION

### I. Priority

The pendency of the Removing Defendants' Motion to Stay raises the issue of whether the stay and remand motions should be addressed together or separately, and if separately, in what order. The Removing Defendants argue that the Court should stay all proceedings in this case – including any decision on the Motions to Remand or Abstain – until the JPML rules on their Motion to Transfer. (Rem. Defs.' Reply in Supp. of Mot. to Stay at 6.) They contend that a stay of this action would conserve judicial resources and eliminate the potential for inconsistent rulings on jurisdictional and other pretrial motions. Id. at 6-9.

Plaintiffs and Defendant Parrett, on the other hand, argue that the Court should decide their Motions to Remand or Abstain before considering whether to stay proceedings. (Pls.' Resp. in Opp. to Mot. to Stay at 8; Def. Parrett's Resp. to Mot. to Stay at 1.) They contend that whether a court has jurisdiction over this action should be resolved at the outset, and not delayed pending a potential MDL transfer. Id.

---

[12]Defendant Parrett also filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Doc. #29.] That Motion was mistitled. Parrett refiled it with the Court on July 28, 2003 as the Motion to Remand or Abstain. [Doc. #67.]

A.  **Legal Standard**

The MDL system provides for the transfer of actions with one or more common questions of fact to a single district for coordinated pretrial proceedings. 28 U.S.C. § 1407(a). Congress authorized the JPML to order transfers in circumstances where transfer would result in "the convenience of parties and witnesses" and would promote the "just and efficient conduct" of actions. H.R. Rep. No. 90-1130 (1968), reprinted in 1968 U.S.C.C.A.N. 1898, 1900.

Although the Removing Defendants have filed a transfer motion before the JPML, this Court remains empowered to decide pending motions in this action. Rule 1.5 of the JPML Rules of Procedure provides that a pending JPML transfer motion "does not affect or suspend orders [or] pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

In circumstances similar to this case, some courts have deferred consideration of motions to remand by granting stays. See Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. Worldcom, Inc., 244 F. Supp. 2d 900, 903-904 (N.D. Ill. 2002) (granting stay and deferring ruling on motion to remand pending JPML transfer decision); Med. Soc'y of the State of New York v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (same); Weinke v. Microsoft Corp., 84 F. Supp. 2d 989, 990 (E.D. Wisc. 2000) (same); Aikins v. Microsoft Corp., No. Civ.A.00-0242, 2000 WL 310391, at *1 (E.D. La. March 24, 2000) (same); Tench v. Jackson Nat'l Life Ins. Co., No 99-C-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (same). These courts concluded that consistency and judicial economy are best served by staying the action – including decisions on motions to remand – until the JPML rules on transfer.

Other courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate pending a JPML transfer ruling. See Pacific Life Ins. Co. v. JP Morgan Chase & Co., 2003 WL 22025158, at *1 (C.D. Cal, June 30, 2003) (addressing plaintiff's motion to remand before considering defendants' motion to stay); Smith v. Mail Boxes, Etc., USA, Inc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002); (deciding remand first before considering motion to stay); Tortola Rest., L.P. v. Kimberly-Clark Corp.,

987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay motion and addressing merits of motion to remand); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) (reasoning that preliminary jurisdictional issue should be determined on motion to remand before court considers staying the action). These courts have reasoned that jurisdictional issues should generally be resolved at the outset of the litigation.

In Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wisc. 2001), the court suggested a three-step approach to resolve this tension in the law. First, "a court should give preliminary scrutiny to the merits of the motion to remand." Id. If the preliminary assessment suggests that there is no jurisdiction, "the Court should promptly complete its consideration and remand the case to state court." Id. "If, on the other hand, the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." Id. "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." Id. This court agrees with the Meyers framework. Other courts have followed this approach as well. See e.g., Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill, 244 F. Supp. 2d at 903; Chinn v. Belfer, No. Civ. 02-00131-ST, 2002 WL 31474189, at *3 (D.Or. June 19, 2002).

**B.    Analysis**

**1.    Assessment of the Jurisdictional Issue**

This case presents two difficult jurisdictional questions: (i) whether it is sufficiently "related to" NCFE's bankruptcy under 28 U.S.C. 1334(b), and (ii) whether the bankruptcy removal statute, 28 U.S.C. 1452(a), requires all defendants to join in a notice of removal.

**(a)    "Related To" Jurisdiction**

The Removing Defendants removed this case to federal court under 28 U.S.C. §§ 1452(a) and 1334(b) on the basis of the litigation's connection to NCFE's bankruptcy proceedings in the Southern District of Ohio. Section 1452(a) provides for removal of claims to a federal district court that are related to bankruptcy cases, "if such district court has jurisdiction of such claim or cause of action under section 1334(b) of this title." 28 U.S.C.

§ 1452(a). Section 1334(b), in turn, states that district courts have original jurisdiction over "all civil proceedings arising under title 11 [bankruptcy], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

The question here is whether this action is sufficiently "related to" NCFE's bankruptcy proceedings to justify federal jurisdiction. The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy proceedings is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. See e.g., Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984); In re Feitz, 852 F.2d 455, 457 (9th Cir. 1988); Bergstrom v. Dalkon Sheild Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996); Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 583 (6th Cir. 1990); and In re Wood, 825 F.2d 90, 93 (5th Cir. 1987).

This test, however, proves difficult to apply to the factual setting presented in this case. The Removing Defendants contend that this matter "relates to" the NCFE bankruptcy because it may give rise to claims of indemnity by some of the defendants against NCFE. The Ninth Circuit has not squarely addressed whether potential rights of indemnification or contribution create "related to" jurisdiction.[13] And other circuits have split on the issue. Compare In re El Paso Refinery, LP, 302 F.3d 343, 349 (5th Cir. 2002) (holding that a chain of indemnification provisions created "related to" jurisdiction) and In re Dow Corning Corp., 86 F.3d 482, 489 (holding that claims for contribution and indemnification sufficed to establish a conceivable

---

[13] In Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.), 205 B.R. 231, 237 (1997), the Ninth Circuit Bankruptcy Appellate Panel ("BAP") ruled that the claims of indemnification and contribution in that case did not confer "related to" jurisdiction. Plaintiffs argue that this case controls. (Pls.' Reply on Mot. for Remand or Abstention at 5.) Bethlahmy's precedential value, however, is uncertain. The Ninth Circuit has cast doubt on whether BAP decisions bind district courts. See Bank of Maui v. Estate Analysis, Inc., 904 F.2d 470, 472 (9th Cir. 1990) ("[I]t must be conceded that BAP decisions cannot bind the district courts themselves.") (dictum). The Removing Defendants also contend that Bethlahmy was called into doubt by In re First Alliance Mort. Co., 269 B.R. 449, 454 (C.D. Cal. 2001), which stated that Bethlahmy was "in error."

impact on the estate in bankruptcy) with In re Federal-Mogul Global, Inc., 300 F.3d 368, 382 (3d Cir. 2002) (stating in dictum that related to jurisdiction was lacking because it would take the intervention of another lawsuit before defendants would have indemnity claims against the debtor), cert. denied 537 U.S. 1148 (2003).

Alternatively, the Removing Defendants contend that this action "relates" to the NCFE bankruptcy because proofs of claim have been filed on the Plaintiffs' behalf in the bankruptcy court. (Rem. Defs.' Opp. to Pls.' Mot. to Remand or Abstain at 4 [Doc. #77].) The Defendants argue that if Plaintiffs were to recover the loss on their investments in this action, the debt that NCFE owes them would be extinguished. (Id.) The Removing Defendants cite Kaonohi Ohana, Ltd. v. Sutherland, 873 F.2d 1032 (9th Cir. 1989) in support of this argument. (Id.) In Kaonohi Ohana, Kaonohi had contracted to sell a piece of land to Sutherland. 873 F.2d at 1303-04. Kaonohi instead sold the land to Sylvester Stallone, and later filed for bankruptcy. Id. Sutherland filed an adversary proceeding demanding specific performance by either Kaonohi or Stallone. Id. at 1304-05. The Court found that "related to" jurisdiction existed because resolution of the specific performance claim against Stallone would directly affect the estate (by determining whether Kaonohi would have any liability to Sutherland). Id. at 1307. But Kaonohi is not dispositive. In Bethlahmy v. Kuhlman, a "number of plaintiffs" had filed proofs of claim in the bankruptcy proceedings, and yet the court held that it did not have "related to" jurisdiction. 205 B.R. at 233.

Whether "related to" jurisdiction exists in this case is a difficult legal question. The Court has resolved that it has jurisdiction. Unfortunately, the jurisdictional issue is not straightforward, and other courts are facing or are likely to face similar issues. The Removing Defendants have represented, and the Court has no reason to dispute, that indemnification issues are among the grounds for Defendants' removal of the other cases in this district, Parrett v. Bank One et al. and State of Arizona v. Credit Suisse First Boston et al. ("State of Arizona"). (Rem. Defs.' Resp. in Supp. of Mot. to Stay at 7.) The Kaonohi jurisdictional hook also forms a separate ground for the removal of State of Arizona, because the Treasurer of the State of Arizona has filed a proof of claim on behalf of the State in NCFE's bankruptcy proceedings. (See Rem. Defs.' Opp. to Pls.' Mot. for Remand or Abstention at 5, n.4.) The

same jurisdictional theories advanced by the Removing Defendants here may also form the grounds for jurisdiction in the cases pending in other districts, because many of the Removing Defendants are also defendants in those proceedings. Accordingly, it makes sense for the court to defer consideration of "related to" jurisdiction and address the Motion to Stay.

**(b)   Unanimity**

In addition to the "related to" jurisdictional issue, this case also raises the question of whether the bankruptcy removal statute, 28 U.S.C. § 1452(a), requires the joinder of all defendants for the proper removal of a case based on bankruptcy jurisdiction. Defendant Parrett contends that the Removing Defendants' removal was procedurally defective because she did not join in the Notice of Removal. (Def. Parrett's Mot. for Remand or Abstention at 3.) The Removing Defendants argue that the bankruptcy removal statute does not require unanimity, and that any defendant could have removed this entire case without the consent of the others. (Rem. Defs.' Consol. Opp. to Def. Parrett's Mot. to Dismiss and Mot. for Remand or Abstention at 6 [Doc. #94].)

The bankruptcy removal statute states that "a party may remove" a claim to federal court if it is related to a bankruptcy. 28 U.S.C. § 1452(a). In contrast, the general removal provision, 28 U.S.C. § 1441(a), refers to removal by "defendant or defendants." Courts have interpreted the general removal provision to require that all defendants must join in the removal petition. See e.g., Eli Valley Mines, Inc. v. Hartford Accident & Indem. Co., Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); Emrich v. Touche Ross Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Courts have divided, however, on whether the bankruptcy removal statute requires all defendants to consent to removal. A number of courts have found that 28 U.S.C. § 1452(a) gives any one party the right to remove without the consent of the other parties. See e.g., Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985); Daleske v. Fairfield Communities, Inc., 17 F.3d 321 (10th Cir. 1994); Plowman v. Bedford Fin. Corp., 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998); In re Eagle Bend Dev., 61 B.R. 451, 456-57 (Bankr. W.D. La. 1986). Some courts have disagreed and have held that 28 U.S.C. § 1452(a) requires the

consent of all defendants. See e.g., Ross v. Thousand Adventures of Iowa, 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001) ("The unanimity rule is a strong rule governing notices of removal, and enforcement of the rule allows the plaintiff's choice of forum strong deference."); see also Ret. Sys. of Alabama v. Merril Lynch & Co., 209 F. Supp. 2d 1257, 1263 (M.D. Ala. 2002) (stating that court had "a very serious concern regarding" removal).

The Ninth Circuit has never squarely decided whether § 1452(a) requires unanimity. In In re Lazar, 237 F.3d 967, 973 n.2 (2001) and In re Harris Pine Mills, 44 F.3d 1431, 1435 (1995), the Ninth Circuit indicated in dicta that the bankruptcy removal statute authorizes any one party to remove. But these decisions have been criticized for offering no textual analysis for this interpretation. See Ret. Sys. of Alabama, 209 F. Supp. 2d at 1263. Moreover, in Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 253 (1995), the United States Supreme Court cast doubt on whether bankruptcy removal stands separate from the general removal procedures in 28 U.S.C. §§ 1441-1447, stating that "[t]here is no express indication in § 1452 that Congress intended the statute to be the exclusive provision governing removals and remands in bankruptcy." Thus, Defendant Parrett's procedural objection to the removal of this case presents a close question.

The unanimity issue will likely arise in at least one other NCFE-related case – the State of Arizona litigation. As in this case, the Removing Defendants removed that case from Maricopa County Superior Court. Defendant Parrett is a defendant State of Arizona and will likely object to removal on unanimity grounds. Given the complexity of the issue and the risk of inconsistent rulings, prudence counsels that the Court defer consideration of jurisdiction and address the Motion to Stay.

## II.     The Motion to Stay

Two NCFE-related cases pending in the District of New Jersey – Metropolitan Life and Lloyds TSB Bank – have already been stayed pending the JPML's decision. (See Rem. Defs.' Supplemental Citation of Authority in Supp. of Mot. to Stay at 1-3.) In those cases, Magistrate Judge Schwartz found that because the factual and legal claims of the NCFE cases

overlap, a stay was warranted to efficiently manage the NCFE litigation and render consistent determinations on common issues. (Id. at Exh. 2, 71-72.) The Removing Defendants contend that the same concerns exist here, and urge the Court to stay the action. (Id.)

### A.     Legal Standard

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (Cardozo, J.); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

When considering a motion to stay pending a decision by the JPML on transfer and consolidation, the Court considers three factors: (i) potential prejudice to the non-moving party, (ii) hardship and inequity to the moving party if the action is not stayed, and (iii) the judicial resources that would be saved by avoiding duplicative litigation if the cases are consolidated. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (N.D. Cal. 1997).

### B.     Analysis

#### 1.     Potential Prejudice to the Non-Moving Party

The Removing Defendants argue that the NCFE cases pending throughout the country have the same factual underpinnings and involve similar claims of breach of contract, common law fraud, breach of fiduciary duty, and violations of state securities laws and other state statutes. (Rem. Defs.' Mot. to Transfer ¶ 8.) They contend that denying a stay will cause them to suffer hardship and inequity because they will be forced to litigate the same threshold issues – whether subject matter jurisdiction exists, whether the complaint has been pled with sufficient specificity, and whether the complaint states a claim for relief – in different courts throughout the country, all of which will be litigated while they wait for consolidation. (Rem. Defs.' Mot. to Stay at 6.) They also argue that granting a stay will avoid the possibility of duplicative discovery and inconsistent pretrial rulings. (Id. at 7.)

If the nine NCFE-related cases pending in various federal district courts do indeed involve the same or similar threshold issues – and Plaintiffs have given the Court no reason to doubt this proposition – then litigating these issues in courts all over the country would certainly pose a burden for the Removing Defendants. Discovery would also pose a burden. Absent a stay, the Removing Defendants would have to undertake costly and potentially duplicative discovery. Moreover, the fact that so many NCFE cases are pending throughout the country creates the possibility that multiple parties will file similar motions based on common grounds. This undoubtedly subjects the Removing Defendants and the parties in all of these cases to a significant risk of inconsistent pretrial rulings.

## 2. Hardship and Inequity to the Moving Party

Plaintiffs argue that the requested stay would be a lengthy one that would send this case into an indefinite holding pattern. (Pls.' Resp. in Opp. to Mot. to Stay at 2.) They contend that a stay would achieve nothing except a delay designed to prejudice the Plaintiffs. (Id.) They further argue that the Removing Defendants are not interested in conserving judicial resources or preventing inconsistent rulings, but are instead only interested in finding the most favorable forum for this lawsuit. (Id. at 13.)

While the Court recognizes that a stay would cause some delay to Plaintiffs, this case will not be stayed indefinitely. The JPML set a hearing for October 9, 2003 to consider the Removing Defendants' Motion to Transfer. A decision on transfer may not issue immediately, but will issue in due course. Furthermore, it is inevitable in multidistrict litigation that the plaintiff's choice of forum will often be overridden. If the NCFE cases are in fact transferred to Ohio, it will not be because the Removing Defendants preferred that venue but because the JPML has determined that consolidation in Ohio serves the interests of convenience, justice, and efficiency. See 28 U.S.C. § 1407(a).

## 3. Judicial Resources

Because the other NCFE cases present factual and legal issues similar to the issues presented here, judicial economy favors a stay. First, if this case is consolidated with the

other NCFE cases and not before this Court, the Court would have unnecessarily familiarized itself with the intricacies of a case that would be heard by another judge. Second, if this case is consolidated before another court, efforts by this Court concerning case management will most likely have to be replicated by the judge assigned to consolidated cases, and the nature of the case management order may be drastically different. Third, if this Court denied Removing Defendants' Motion to Stay, ruled on the substantive motions, and the case were then transferred, orders issued by this Court could later be vacated by the transferee judge. Transferee judges have been known to vacate or modify previous rulings of the transferor judge. See Rivers, 980 F. Supp. at 1362 (citing In re Exterior Siding & Alum. Coil Litig., 538 F.R.D. 482, 486-87 (D. Minn. 1982) and In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig., 81 F.R.D. 482, 486-87 (E.D. Mich. 1979)).

The Court concludes that a stay of this litigation will serve the interests of justice and promote judicial economy.

Accordingly,

**IT IS THEREFORE ORDERED** that Removing Defendants' Motion to Stay [Doc. #10] is **GRANTED**. All proceedings in this action – including discovery – are stayed pending resolution of the motions before the Judicial Panel on Multidistrict Litigation.

DATED this 13 day of October, 2003.

Roslyn O. Silver
United States District Judge