# Exhibit J

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


LLOYDS TSB BANK PLC,           : Civil Action No. 03-2784
                               :
          Plaintiff,           :
                               : Newark, New Jersey
     vs.                       :
                               :
BANK ONE, N.A., et al.,        :
                               :
          Defendants.          : Monday, September 9, 2003
-------------------------------
METROPOLITAN LIFE INSURANCE,   : Civil Action No. 03-1882
                               :
          Plaintiff,           :
                               : Newark, New Jersey
     vs.                       :
                               :
BANK ONE, N.A., et al.,        :
          Defendants.          :
-------------------------------
```

          TRANSCRIPT OF MOTIONS TO STAY/CONSOLIDATE
        BEFORE THE HONORABLE PATTY SHWARTZ, U.S.M.J.

APPEARANCES:   (Of those verbally given on record by speaker)

FOR THE PLAINTIFFS:    BY:  B. JOHN PENDLETON, ESQ.,
                       (McCarter & English)
                       Four Gateway Center, 100 Mulberry St.
                       Newark, NJ 07101
                             -and-
                       BY:  HOWARD LEVISON, ESQ.,
                       (Kasowitz, Benson, Torres & Friedman)
                       1633 Broadway
                       New York, NY 10019

FOR BANK ONE           BY:  KEVIN MC NULTY, ESQ.,
                       (Gibbons, DelDeo, Dolan, Griffinger
                            & Vecchione, P.C.)
                       One Riverfront Plaza
                       Newark, NJ 07101



         Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.
****************************************************************
                   RAPID TRANSCRIPT SERVICE, INC.
                           4 Elodie Lane
                     Randolph, New Jersey 07869
             (973) 328-1730    FAX (973) 328-8016
****************************************************************

i

# INDEX
## 09/08/03

**Individual Appearances of each party not given on the record, nor appearances given when beginning to speak. As such, voice recognition extremely difficult in a hearing with approximately 15 attorneys and no speaker log.

|  | Page |
|---|---|
| PRO HAC ADMISSIONS | 2, 10 |
| COURT OVERVIEW | 7 |
| MOTION TO CONSOLIDATE | 7 |
|     By Mr. Goldman | 8 |
|     By Mr. Fishman | 9 |
|     By Mr. Davis | 10 |
| MOTION TO STAY/MOTION TO DISMISS | 11 |
|     By Mr. Davis | 11 |
|     By Mr. Leit | 13 |
|     By Mr. Levine | 14, 16 |
|     By Mr. Brody | 26 |
|     By Mr. Goldman | 30 |
|     By Mr. Levison | 31 |
| VENUE ARGUMENT | 34 |
|     By Mr. Levison | 34, 39, 47, 53 |
|     By Mr. Brody | 35 |
|     By Mr. Doherty (?) | 37 |
|     By Mr. Levine (?) | 40, 42, 53 |
|     By Mr. Goldman | 41 |
|     By Mr. Davis | 46 |
| COURT QUESTIONS | 54 |
|     By Mr. Levinson | 55 |
| COURT DECISIONS | 56 |
|     MOTION FOR CONSOLIDATION | 59 |
|       Lloyds and Metlife cases | |
|     MOTION FOR A STAY | 61 |
|     By Mr. Levinson | 71 |
|     By Mr. Levine | 72 |
|     By Mr. Kattas | 74 |
|     By Mr. McNulty | 74 |
|     By Mr. Davis | 74 |
|     By Mr. Duckstein | 74 |
|     By Mr. Leit | 74 |
|     By Mr. Doherty | 74 |
| COURT DECISION - DATES | 75 |
| CONFERENCE CALL SCHEDULED: | 77 |
|     12/2/03 at 9:30 | |
|     Papers due 12/31/03 | |

```
APPEARANCES:    (Continued)
FOR CSFB:                       BY:  MARK E. DUCKSTEIN, ESQ.,
                                (Sills, Cummis, Radin, Tischman
                                    Epstein & Gross, PA)
                                One Riverfront Plaza
                                Newark, NJ 07101
                                        -and-
                                BY:  STEVEN G. BRODY, ESQ.,
                                (King & Spalding, LLP)
                                1185 Avenue of the Americas
                                New York, NY 10036

FOR DELOITTE & TOUCHE:          BY:  DENNIS R. LA FIRUA, ESQ.,
                                (Pitney, Hardin, Kipp & Szuch)
                                Park Avenue at Morris County
                                Morristown, NJ 07962
                                        -and-
                                BY:  MARK L. LEVINE, ESQ.
                                     ANDREW GOLDMAN, ESQ.
                                (Bartlit, Beck, Herman, Palenchar
                                    & Scott)
                                54 West Hubbard St.
                                Chicago, IL 60610

FOR MOODY'S INVESTORS:          BY:  DAVID LEIT, ESQ.,
                                (Lowenstein Sandler)
                                65 Livingston Avenue
                                Roseland, NJ 07068

FOR FITCH, INC.                 BY:  EVAN A. DAVIS, ESQ,.
                                (Cleary, Gottlieb, Steen & Hamilton)
                                One Liberty Plaza
                                New York, NY 10006

FOR J.P. MORGAN/CHASE:          BY:  PAUL L. KATTAS, ESQ.,
                                (Kelley, Drye & Warren)
                                101 Park Avenue
                                New York, NY 10178

FOR: MENDELL & POTE:            BY:  THOMAS DOGHERTY, ESQ.,
                                (Tompkins, McGuire, Wachenfeld,
                                    & Barry
                                Four Gateway Center, 100 Mulberry St.
                                Newark, NJ 07101
                                        -and-
                                ANDREW T. FRANKEL, ESQ.,
                                (Simpson, Thacher & Bartlett)
                                425 Lexington Ave.
                                New York, NY 10017

FOR: POULSEN                    (No appearance on record)
```

1  was the agreement we had.
2          THE COURT: Okay.
3          The power to stay proceedings is a discretionary
4  one.  See Hertz Corporation v. Gator Corp., 250 F.Supp 2d,
5  421 at 426 (D.N.J.2003).
6          The Supreme Court has described the power to stay
7  proceedings as incidental to the power inherent in every
8  court to "manage the scheduled cases on its docket and to
9  ensure fair and efficient adjudication." Gold v. Johns
10 Mansville Sales Corp. 723 F.2d 1068 at 1077 (3rd. Cir. 1983),
11 citing Landis v. North America Company, 299 U.S. 248, 254 to
12 255 (1936).
13         Courts consider three factors in deciding whether
14 to stay proceedings:
15         One, whether a stay promotes judicial economy by
16 avoiding duplicative efforts.
17         Two, whether the moving party will experience
18 hardship and inequity if the action is not stayed; and,
19         Three, whether the nonmoving party will suffer any
20 prejudice if the proceedings were stayed.  See Hertz, 250
21 F.Supp 2d at 427 and 428.
22         To protect against prejudice to the parties, The
23 Third Circuit requires the party seeking a stay to
24 "demonstrate a clear case of hardship or inequity resulting
25 from a denial of such a motion, whenever 'there's even a fair

Case 1:05-cv-10575-LAK   Document 9-11   Filed 01/06/2006   Page 6 of 7
Court Decision                                                         69

possibility that a stay would work a damage on another party.'" Gold, 723 F.2d at 1076, citing Landis, 299 U.S. at 255.

In the present case, a case sill conserve judicial resources and avoid duplicative pretrial proceedings. Since the MDL Panel may decide to transfer these cases to a different judge to handle all the consolidate cases.

In the Hertz case, Judge Bassler noted at Page 428:

> "Given the short time until the MDL Panel will consider the motion, the Court's immediate and substantial investment of time is a waste of judicial resources."

Moreover, the factual allegations and legal claims overlap between the cases, creating the potential that multiple parties will file similar motions based on common grounds. And there's been a representation that motions have been filed. It appears in three of the cases.

A limited stay of the proceedings to provide the Multi-District Litigation Panel an opportunity to address this motion may indeed eliminate the possibility of conflicting decisions on such motions. See Rivers v. Walt Disney Company, 980 F.Supp. 1358 at 1360 (C.D.Ca 1997) [citations omitted].

In addition to conserving resources and preventing

1  conflicting outcomes, the stay will prevent hardship to the
2  parties without unduly prejudicing the plaintiffs. Absent a
3  stay, the parties would have to, no doubt, undertake costly
4  and potentially duplicative discovery pending a decision by
5  the MDL Panel if we didn't do a limited stay of some sort,
6  and this would indeed impose a financial burden, which could
7  amount to an actual hardship on all parties. See the Hertz
8  case, 250 F.Supp. 2d at 428.
9            The Court notes what makes this in a different
10 posture than perhaps what was going on in Arizona, with the -
11 - the Court now knows the MDL Panel is scheduled to hear the
12 application in this case in 30 days, on October 9, 2003, and
13 it's been represented here in court and other cases have
14 noted that they likely will render a decision shortly
15 thereafter.
16           For example, in the Hertz case, the judge noted:
17           "Barring unusual circumstances, the MDL Panel will
18           decide the motion in a relatively short period of
19           time."
20           The Court, however, does take note of
21 representations made by the plaintiff regarding hardships it
22 may face, surprises it could face, given the fact they've had
23 a complaint filed in this court since April, and it's
24 possible it could be months and months before responsive
25 pleadings are filed.