**ORIGINAL**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

---

Lance Poulsen and Barbara Poulsen,

              Plaintiffs,

         v.

Harold W. Pote, Thomas G. Mendell,
and J.P. Morgan Chase & Co.,

             Defendants.

CIVIL ACTION

No.: 05-~~604034~~ *CIV 10575 (LHK)*

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR JOINT MOTION TO STAY ALL PROCEEDINGS
## PENDING RESOLUTION OF THE MOTION TO CONSOLIDATE

KELLEY DRYE & WARREN LLP
John M. Callagy
William A. Escobar
Nicholas J. Panarella
101 Park Avenue
New York, NY 10178
(212) 808-7800 (voice)
(212) 808-7897 (facsimile)

Michael A. Pearce
JPMorgan Chase & Co. Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-2852 (voice)
(212) 552-5964 (facsimile)

Attorneys for Defendant JPMorgan Chase
& Co.

SIMPSON THACHER & BARTLETT LLP
Barry R. Ostrager
Kyle A. Lonergan
425 Lexington Avenue
New York, NY 10017
(212) 455-2000 (voice)
(212) 455-2502 (facsimile)

Attorneys for Defendants Harold W. Pote
and Thomas G. Mendell

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ................................................................................ 6

ARGUMENT ......................................................................................................... 9

    I.    A STAY WILL PROMOTE JUDICIAL ECONOMY ........................... 9

    II.   A STAY WILL PREVENT HARDSHIP AND INEQUITY
         TO DEFENDANTS WITHOUT CAUSING
         ANY PREJUDICE TO THE POULSENS ........................................ 14

CONCLUSION..................................................................................................... 17

i

# TABLE OF AUTHORITIES

## CASES

<u>Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft</u>, 48 F. Supp. 2d 37
(D.D.C. 1999) ...................................................................................................11

<u>Aikins v. Microsoft Corp.</u>, No. 00-0242, 2000 U.S. Dist. LEXIS 4371 (E.D. La.
Mar. 24, 2000)...................................................................................................10

<u>Amedisys, et al. v. JPMorgan Chase Manhattan Bank as Trustee, et al.</u>, No. 02-
CV-2576 (M.D. La.) ...........................................................................................7

<u>American Seafood, Inc. v. Magnolia Processing, Inc.</u>, Nos. 92-1030, 92-1086,
1992 U.S. Dist. LEXIS 7374 (E.D. Pa. May 7, 1992) ...........................10, 11

<u>Ashcroft v. A.H. Robbins Co., Inc.</u>, No. 98 Civ. 5253, 1998 WL 472011
(S.D.N.Y. Aug. 3, 1998) .....................................................................................9

<u>Bank One, N.A. v. Lance K. Poulsen, et al.</u>, No. 03-CV-394 (S.D. Ohio).....................6, 7

<u>The Beacon Group III - Focus Value Fund, L.P., v. Poulsen, et al.</u>, No. 04-CV-
697...................................................................................................................7

<u>City of Chandler, et al. v. Bank One, N.A., et al.</u>, No. 03-CV-1220 (D. Ariz.) ..............4, 6

<u>Crown Cork & Seal Co., Inc., et al. v. Credit Suisse First Boston Corp., et al.</u>, No.
03-CV-2084 (D. Ariz.)...................................................................................4, 6, 7

<u>D's Pet Supplies, Inc. v. Microsoft Corp.</u>, Nos. 99-76056 et al., 2000 U.S. Dist.
LEXIS 16482 (E.D. Mich. Feb. 7, 2000) ....................................................11

<u>Dumont v. Charles Schwab & Co., Inc.</u>, Nos. 99-2840, 99-2841, 2000 U.S. Dist.
LEXIS 619 (E.D. La. Jan, 20, 2000).........................................................17

<u>Egon v. Del-Val Financial Corp.</u>, No. 90-4338, 1991 U.S. Dist. LEXIS 1420
(D.N.J. Feb. 4, 1991).....................................................................................15

<u>Falgoust v. Microsoft Corp.</u>, No. 00-0779, 2000 U.S. Dist. LEXIS 5417
(E.D. La. Apr. 19, 2000) ...............................................................................10

<u>Good v. Prudential Insurance Co. of America</u>, 5 F. Supp. 2d 804 (N.D. Cal.
1998)…………………………………………………………………………...10, 11, 16

<u>Hertz Corp. v. Gator Corp.</u>, 250 F. Supp. 2d 421 (D.N.J. 2003) ......................9, 10, 15, 17

<u>Houlihan, et al. v. Andrews, et al.</u>, No. 03-CV-656 (M.D. Fla.) .....................................6, 7

<u>ING Bank N.V. v. JPMorgan Chase Bank, et al.</u>, No. 03-CV-7396
(S.D.N.Y.) ................................................................................5, 6, 7, 8, 12

ING Bank N.V. v. PricewaterhouseCoopers, LLP, No. 05-CV-7217 (S.D.N.Y.)...........6, 7

In re Korean Airlines Disaster of Sept. 1, 1983, 829 F.2d 1171 (D.C. Cir. 1987),
    aff'd, 490 U.S. 122 (1989)............................................................................14

In re N.M. Natural Gas Antitrust Litigation, 482 F. Supp. 333 (J.P.M.L. 1979)................3

In re National Century Financial Enterprises, Inc. Investment Litigation, MDL
    1565 (J.P.M.L. 2003) .............................................................................3, 6

In re Plumbing Fixture Cases, 298 F. Supp. 484 (J.P.M.L. 1968)....................................11

In re Transocean Tender Offer Securities Litigation, 415 F. Supp. 382 (J.P.M.L.
    1976) ........................................................................................................13

In re Xerox Corp. Securities Litigation, 211 F. Supp. 2d 1382 (J.P.M.L. 2002)................3

Krieger v. Merk & Co., No. 05-CV-6338L, 2005 WL 2921640 (W.D.N.Y. Nov.
    4, 2005) ....................................................................................................15

Landis v. N. American Co., 299 U.S. 248 (1936)...................................................9

Lloyds TSB Bank PLC v. Bank One, N.A., et al., No. 03-CV-2784 (D.N.J.)....................6

Mathis v. Bristol-Meyers Squibb, Co., No. 03-0308, 2003 U.S. Dist. LEXIS 3797
    (E.D. La. Mar. 12, 2003)........................................................................9, 11

Medical Society of New York v. Connecticut General Corp., 187 F. Supp. 2d 89
    S.D.N.Y. 2001) .......................................................................................10

Metropolitan Life Insurance Co., et al. v. Bank One, N.A., et al., No. 03-CV-1882
    (D.N.J.)....................................................................................................6

Michael Mahoney, et al. v. John F. Andrews, et al., No. 03-CV-467 (M.D. Fla.) .............6

New York City Employees' Retirement System, et al. v. Bank One, N.A., et al.,
    No. 03-CV-9973 (S.D.N.Y.)..................................................................6, 7, 8

Pharos Capital Partners, LP v. Deloitte & Touche, LLP, et al., No. 03-CV-362
    (S.D. Ohio)................................................................................................6

Portnoy v. Zenith Labs., Inc., No. 86-3512, 1987 U.S. Dist. LEXIS 16134
    (D.D.C. Apr. 21, 1987) ............................................................................10

Poulsen v. Bank One, N.A., No. 04-CV-269 (M.D. Fla.)............................................3, 6, 7

Poulsen, et al. v. Credit Suisse First Boston Corp., No. C2-04-1097
    (S.D. Ohio)........................................................................................5, 7, 13

Rebecca S. Parrett v. Bank One, N.A., et al., No. 03-CV-541 (D. Ariz.)..................4, 6, 12

Rivers v. Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997) ............................9, 10, 11

Rosenfeld v. Hartford Insurance Co., Nos. 88 Civ. 2153, 88 Civ. 2252, 1988 U.S. Dist. LEXIS 4068 (S.D.N.Y. May 12, 1988)............................................................9, 16

State of Arizonia, et al. v. Credit Suisse First Boston LLC, et al., No. 03-CV-1618 (D. Ariz.)............................................................................................................4, 7

SEC v. Gibson, No. C2-03-00737 (S.D. Ohio)........................................................7

SEC v. Poulsen et al., No. C2-05-1142 (S.D. Ohio).................................................7

SEC v. Snoble, No. C2-04-1089 (S.D. Ohio)..........................................................7

SEC v. Stucke, No. C2-03-1161 (S.D. Ohio)..........................................................7

Tench v. Jackson National Life Insurance Co., No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023 (N.D. Ill. Nov. 10, 1999) ....................................................16

The Unencumbered Assets Trust, et al. v. JP Morgan Chase Bank, et al., No. C2-04-1090 ...................................................................................................7

United States v. Gibson, No. C2-03-119 (S.D. Ohio)...............................................7

United States v. Snoble, No. C2-04-193 (S.D. Ohio)...............................................7

United States v. Stucke, No. C2-03-207 (S.D. Ohio) ..............................................7

Weinke v. Microsoft Corp., 84 F. Supp. 2d 989 (E.D. Wisc. 2000)................................10

## STATUTES

28 U.S.C. § 1334.........................................................................................1

28 U.S.C. § 1407......................................................................................6, 11

28 U.S.C. § 1452.....................................................................................1, 14

## MISCELLANEOUS

Fed. R. Civ. P. 9(b) ...................................................................................12

## PRELIMINARY STATEMENT

Plaintiffs Lance Poulsen and Barbara Poulsen ("Plaintiffs" or "Poulsens") originally filed this action in the Supreme Court of the State of New York, New York County, on or about November 14, 2005 ("Poulsen Action"). Defendants Harold W. Pote, Thomas G. Mendell, and J.P. Morgan Chase & Co. ("JPMorgan") (collectively, "Movants" or "Defendants") removed the Poulsen Action to this Court on December 15, 2005 pursuant to 28 U.S.C. §§ 1334 and 1452. The Poulsens thereafter filed a motion for remand on December 27, 2005.

On December 23, 2005, Defendants filed a Notice of Related Action ("Motion to Consolidate") before the Judicial Panel on Multidistrict Litigation ("MDL Panel") requesting transfer of the Poulsen Action to Chief Judge James L. Graham in the United States District Court for the Southern District of Ohio ("Ohio District Court") for coordinated pretrial proceedings with the now seventeen (17) cases arising from the November 2002 financial collapse of National Century Financial Enterprises, Inc. ("NCFE"), a former Ohio Company which financed the purchase of receivables by issuing notes to sophisticated institutional investors (collectively the "MDL Actions").[1] Included among the MDL Actions are two cases in which the Poulsens asserted the same allegations and sought the same recoveries against the Defendants here. Defendants moved to dismiss those claims, but the Poulsens withdrew the claims only to reassert them in this action. Another action pending in the Ohio District Court is a SEC enforcement action against Mr. Poulsen and other founders and executives of NCFE for

---

[1]    A copy of that notice is annexed to the accompanying Declaration of Nicholas J. Panarella ("Panarella Dec.") as Ex. A.

directing or aiding and abetting a fraud at NCFE that led to over $2.6 billion in investor losses.

Like the MDL Actions, the Poulsen Action too arises from NCFE's financial collapse in late 2002. Lance Poulsen is one of the founders of NCFE, as well as NCFE's former chairman, chief executive officer and shareholder. Barbara Poulsen, his wife, is also a former officer, director and shareholder of NCFE. The Poulsens allege that Defendants forced NCFE and its subsidiaries into unjustified bankruptcies in November 2002, thereby causing them over $1 billion in damages as a result of the diminution in value of their equity holdings in NCFE. Nearly all plaintiffs in the MDL Actions also were investors in NCFE, and allege that the Poulsens orchestrated a fraud at NCFE, misused the Company's funds, made false representations about NCFE's financial stability, and were assisted by some or all of the Defendants.

Thus, the Poulsen Action and the MDL Actions raise common and complex questions of fact, including the nature of the alleged fraud at NCFE, the identities of those who knew or should have known about it, and the causes of NCFE's collapse and investors' losses. Because of the extensive overlap in both factual and legal issues between the Poulsen Action and the MDL Actions, Defendants filed their Motion to Consolidate. Like all the other cases considered by the MDL Panel relating to NCFE, Defendants expect the Panel to shortly consolidate the Poulsen Action as well. Consolidation of the Poulsen Action with the MDL Actions will promote the efficient administration of pretrial motions, discovery, and related proceedings. Indeed, as the MDL Panel held in its prior consolidation order: "All MDL-1565 actions are connected in one way or another to the financial collapse of [NCFE and thus] centralization under

Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."[2]

      Defendants' responses to both the Poulsens' Complaint and motion for remand are currently due on January 17, 2006. Defendants repeatedly have requested that the Poulsens agree either to a temporary stay or extension of time to respond to their Complaint and motion to remand. However, the Poulsens have refused these requests, forcing Defendants to have to file this expedited motion. See Panarella Dec., Exs. E, F. This is all the more remarkable because the Poulsens, who are defendants in many of these actions, did not oppose similar motions or requests to temporarily stay other actions pending the MDL Panel's ruling. Indeed, in Poulsen v. Bank One, N.A., 2:04-cv-00269-JES-DNF (M.D.Fla.) (D.E. 17), an action relating to NCFE commenced by Mr. Poulsen in federal district court in Florida, the Poulsens affirmatively consented to a stay pending a decision by the MDL Panel to transfer (Panarella Dec., Ex. P). It is therefore inexplicable for the Poulsens to now oppose this reasonable request for a temporary stay pending the MDL Panel's decision on the Motion to Consolidate.

      By this motion, Defendants request that the Court enter an Order temporarily staying all proceedings (including a stay of Defendants' time to respond to the Poulsens' Complaint and motion for remand, and of discovery) pending resolution by

---

[2]     In re Nat'l Century Fin. Enters., Inc., Inv. Litig., MDL 1565 at *1-2 (J.P.M.L. 2003) (Panarella Dec., Ex. A); see also In re Xerox Corp. Sec. Litig., 211 F. Supp. 2d 1382, 1383 (J.P.M.L. 2002) (consolidating actions raising common questions of fact arising out of allegations that entities engaged in improper accounting practices); In re N.M. Natural Gas Antitrust Litig., 482 F. Supp. 333, 336 (J.P.M.L. 1979) (consolidating three actions because they shared "complex factual questions relating to an alleged price-fixing scheme involving a complicated series of interconnecting personal and corporate relationships").

the MDL Panel of the Defendants' Motion to Consolidate. A stay is warranted for several reasons.

First, because the MDL Actions and the Poulsen Action involve common issues of fact, a stay will preserve judicial resources by avoiding duplicative pretrial proceedings, such as setting discovery schedules and resolving discovery disputes. A stay also will preserve resources by preventing potentially conflicting decisions by different courts on the same issues of law. The Poulsens allege several causes of action against the Defendants – including fraud – and negligence-based claims, conspiracy and breach of fiduciary duty – all of which also have been asserted against the Defendants in the MDL Actions. Defendants have moved to dismiss these causes of action in the MDL Actions and likewise will move to dismiss the Poulsen Action on similar grounds, thereby risking conflicting judicial decisions on the same issues of law if a stay is not granted. Similarly, Defendants and others in the MDL Actions have moved to dismiss claims by another founder of NCFE, Rebecca Parrett, for the diminution in value of her equity holdings in NCFE, on the grounds that she lacks standing to assert such claims because they belong to the Company. The Poulsen Action presents the same exact issue, and Defendants will move to dismiss on that basis. Likewise, the Poulsens' motion to remand this action presents the same remand issues, such as bankruptcy-relatedness and abstention, as four other removed MDL Actions previously transferred to the Ohio District Court.[3]

---

[3]    See Rebecca S. Parrett v. Bank One, N.A., et al., No. 03-CV-541 (D. Ariz.); City of Chandler, et al. v. Bank One, N.A., et al., No. 03-CV-1220 (D. Ariz.); State of Arizona, et al. v. Credit Suisse First Boston LLC, et al., No. 03-CV-1618 (D. Ariz.); Crown Cork & Seal Company, Inc., et al. v. Credit Suisse First Boston Corp., et al., No. 03-CV-2084 (D. Ariz.).

Second, it is inefficient and a waste of the parties' and the judiciary's resources to brief motions to dismiss the Poulsens' Complaint and the Poulsens' motion to remand under this Circuit's law when the parties will have to re-brief these motions under Sixth Circuit law if the case is transferred. Similarly, because of their factual overlap, the Poulsen Action and the MDL Actions necessarily will require depositions of the same witnesses and similar and extensive document discovery. A stay, therefore, will prevent hardship to the parties, by avoiding costly, uncoordinated and duplicative discovery pending a decision by the MDL Panel on the Defendants' Motion to Consolidate.

Third, the Poulsens will not sustain any prejudice from a temporary stay because they just recently filed their Complaint, and it is expected that the MDL Panel will soon decide the Motion to Consolidate, especially since the Defendants requested expedited consideration by the MDL Panel. Moreover, the Poulsens cannot show prejudice since they waited years to file this action despite, inter alia: (i) being aware of the allegations giving rise to their Complaint since at least the NCFE bankruptcy in November 2002; (ii) making the same allegations against the Defendants in actions currently pending before Chief Judge Graham in the MDL Actions, only to have just recently dismissed, without prejudice, those same allegations;[4] and (iii) being named parties to many such actions in the Ohio District Court since 2003 where numerous motions to dismiss have been filed.

---

[4]     See Poulsen et al. v. Credit Suisse First Boston Corp., No. C2-04-1097 (S.D. Ohio); ING Bank N.V. v. JPMorgan Chase Bank, et. al., No. 03-CV-7396 (S.D.N.Y.).

Finally, similar motions to stay other MDL Actions pending the MDL Panel's decision to transfer all have been granted.[5]  Additionally, parties to several other MDL Actions consented to a stay or to an extension of time to respond to the complaint until the MDL Panel ruled.[6]  Accordingly, and for all the reasons stated herein, Defendants' motion to stay should be granted.

## FACTUAL BACKGROUND

On November 13, 2003, the MDL Panel ordered the transfer and consolidation of seven civil actions[7] connected to the financial collapse of NCFE to Chief Judge Graham in the Southern District of Ohio for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.[8]  Since that time, the MDL Panel has transferred eight additional cases to Chief Judge Graham for coordination with the seven cases previously

---

[5]  See Metro. Life Ins. Co., et al. v. Bank One, N.A., et al. and Lloyds TSB Bank PLC v. Bank One, N.A., et al., No. 03-CV-2784 (D.N.J.) ("New Jersey Actions") D.E. 84 (Panarella Dec., Ex. G); City of Chandler, et al. v. Bank One, N.A., et al., No. 03-CV-1220 (D. Ariz.) D.E. 189 (Panarella Dec., Ex. H); Poulsen v. Bank One, N.A., No. 04-CV-269 (M.D. Fla.) D.E. 20 (Panarella Dec., Ex. I).

[6]  See New York City Employees' Retirement Sys., et al. v. Bank One, N.A., et al., No. 03-CV-9973 (S.D.N.Y.) D.E. 14 (Panarella Dec., Ex. K); ING Bank N.V. v. JPMorgan Chase Bank, et al., No. 03-CV-7396 (S.D.N.Y.) D.E. 14 (Panarella Dec., Ex. L); ING Bank N.V. v. PricewaterhouseCoopers, LLP, No. 05-CV-7217 (S.D.N.Y.) D.E.7 (Panarella Dec., Ex. M); Houlihan, et al. v. Andrews, et al., No. 03-CV-656 (M.D. Fla.) D.E.72 (Panarella Dec., Ex. N); Crown Cork & Seal Co., Inc., et al. v. Credit Suisse First Boston Corp., et al., No. 03-CV-2084 (D. Ariz.) D.E. 18 (Panarella Dec. Ex. O).

[7]  The seven originally transferred cases are: Rebecca S. Parrett v. Bank One, N.A., et al., No. 03-CV-541 (D. Ariz.); City of Chandler, et al. v. Bank One, N.A., et al., No. 03-CV-1220 (D. Ariz.); Michael Mahoney, et al. v. John F. Andrews, et al., No. 03-CV-467 (M.D. Fla.); Metro. Life Ins. Co., et al. v. Bank One, N.A., et al., No. 03-CV-1882 (D.N.J.); Lloyds TSB Bank PLC v. Bank One, N.A., et al., No. 03-CV-2784 (D.N.J.); Pharos Capital Partners, LP v. Deloitte & Touche, LLP, et al.; No. 03-CV-362 (S.D. Ohio); Bank One, N.A. v. Lance K. Poulsen, et al., No. 03-CV-394 (S.D. Ohio).

[8]  The consolidated multidistrict litigation proceeding is captioned In re Nat'l Century Fin. Enters., Inc. Inv. Litig., MDL 1565.

transferred.[9]   In addition, three cases relating to NCFE were filed directly in the

Southern District of Ohio and are also pending before Chief Judge Graham.[10]

     The Securities & Exchange Commission also recently sued Plaintiff Lance

Poulsen and three other former insiders of NCFE in the Southern District of Ohio for

violating the securities laws relating to the collapse of NCFE.[11]   That suit follows

criminal plea agreements and civil injunctive orders entered in the Southern District of

Ohio against three former NCFE employees, who admitted to a massive criminal fraud

perpetrated by a tight-knit group of NCFE insiders.[12]   Thus, every pending case in the

country related to NCFE is now before Chief Judge Graham, except this one.[13]

     Notably, one of the consolidated cases before Chief Judge Graham is

Poulsen, et al. v. Credit Suisse First Boston Corp., No. C2-04-1097 (S.D. Ohio), an action

filed by the Poulsens against several defendants, originally including Defendants Pote

and Mendell.  The Poulsens voluntarily dismissed that suit against Pote and Mendell

without prejudice before filing the instant action.  In that original action, the Poulsens

---

9    These eight "tag-along" actions are: Amedisys, et al. v. JPMorgan Chase Manhattan Bank as Trustee, et al., No. 02-CV-2576 (M.D.La); State of Arizona, et al. v. Credit Suisse First Boston LLC, et al., No. 03-CV-1618 (D. Ariz.); ING Bank N.V. v. JPMorgan Chase Bank, et. al., No. 03 –CV-7396 (S.D.N.Y.); Houlihan, et al. v. Andrews, et al., No. 03-CV-656 (M.D. Fla.); Crown Cork & Seal Company, Inc., et al. v. Credit Suisse First Boston Corp., et al., No. 03-CV-2084 (D. Ariz.); New York City Employees' Retirement Sys., et al. v. Bank One, N.A., et al., No. 03-CV-9973 (S.D.N.Y.); Poulsen v. Bank One, N.A., No. 04-CV-269 (M.D.Fla.); and ING Bank N.V., v. PricewaterhouseCoopers, LLP, No. 05-CV-7217 (S.D.N.Y.).

10   These three cases are: The Unencumbered Assets Trust, et al. v. JP Morgan Chase Bank, et al., No. C2-04-1090; Poulsen, et al. v. Credit Suisse First Boston Corp., No. C2-04-1097; and The Beacon Group III – Focus Value Fund, L.P., v. Poulsen, et al., No. 04-CV-697.

11   SEC v. Poulsen, et al., No. C2-05-1142 (S.D. Ohio).

12   SEC v. Stucke, No. C2-03-1161 (S.D. Ohio); SEC v. Snoble, No. C2-04-1089 (S.D. Ohio); SEC v. Gibson, No. C2-03-00737 (S.D. Ohio); United States v. Stucke, No. C2-03-207 (S.D. Ohio); United States v. Gibson, No. C2-03-119 (S.D. Ohio); United States v. Snoble, No. C2-04-193 (S.D. Ohio).

13   A chart of these NCFE related cases is annexed to the Panarella Dec. as Exhibit B.  Bank One, N.A. v. Lance K. Poulsen, et al., No. 03-CV-394 (S.D. Ohio) was dismissed after consolidation.

sought the same recovery for the same alleged wrongdoing as they do in the instant action. The Poulsens also admitted that "all of [their] claims arose in [the Southern District of Ohio]."

Additionally, two of the other MDL Actions were originally filed in this Court, and then transferred to Chief Judge Graham for consolidation by the MDL Panel.[14] Those actions name the Poulsens (and Movants) as defendants. In one of those actions, the ING Action, Mr. Poulsen asserted a cross-claim against JPMorgan Chase Bank, NA, again for the same recovery he seeks in this action. Mr. Poulsen withdrew that cross-claim on November 30, 2005, about two weeks _after_ he filed his complaint in this action.

The Poulsen Action, filed on or about November 14, 2005, was removed to this Court on December 15, 2005, shortly after defendants were served on or after December 6, 2005. On December 21-22, 2005, Defendants' counsel informed the Poulsens' counsel of Defendants' intention to move to dismiss the Poulsens' complaint and to file the Motion to Consolidate with the MDL Panel. Defendants requested the Poulsens' consent to a temporary stay of the Poulsen Action pending a decision by the MDL Panel so that the parties could brief the issues based on the proper legal precedents and applicable rules. _See_ Panarella Dec., Ex. E. The Poulsens responded by filing a motion to remand the Poulsen Action back to New York State Supreme Court. Defendants' response to that motion and their motions to dismiss the Poulsens' Complaint are due on January 17.

---

[14] _See_ ING Bank N.V. v. JPMorgan Chase Bank, et. al., No. 03-CV-7396 (S.D.N.Y.) ("ING Action"); New York City Employees' Retirement Sys. v. Bank One, N.A., et al., No. 03-CV-9973 (S.D.N.Y.).

## ARGUMENT

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes [sic] on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Granting a stay of an action pending a motion to consolidate is "committed to the Court's discretion." Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 426 (D.N.J. 2003) (staying action pending decision by the MDL Panel); see also Rosenfeld v. Hartford Ins. Co., Nos. 88 Civ. 2153, 88 Civ. 2252, 1988 U.S. Dist. LEXIS 4068 (S.D.N.Y. May 12, 1988); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Courts consider three factors when deciding whether proceedings should be stayed:  (1) whether a stay will promote judicial economy by avoiding duplicative efforts; (2) whether the moving party will experience hardship and inequity if the action is not stayed; and (3) whether the non-moving party will suffer any prejudice if the proceedings are stayed. Rivers, 980 F. Supp. at 1360; Mathis v. Bristol-Meyers Squibb, Co., No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. Mar. 12, 2003); see also Ashcroft v. A.H. Robbins Co., Inc., No. 98 Civ. 5253, 1998 WL 472011, at *1 (S.D.N.Y. Aug. 3, 1998).  Here, each factor weighs in favor of staying the Poulsen Action pending resolution of the Motion to Consolidate.

## I.    A STAY WILL PROMOTE JUDICIAL ECONOMY

A stay should be granted in the Poulsen Action pending a decision on the Motion to Consolidate to conserve judicial resources.  "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial

resources that are conserved." <u>Rivers</u>, 980 F. Supp. at 1362; <u>see also</u> <u>Med. Soc'y of New York v. Connecticut Gen. Corp.</u>, 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001); <u>Falgoust v. Microsoft Corp.</u>, No. 00-0779, 2000 U.S. Dist. LEXIS 5417, at *8 (E.D. La. Apr. 19, 2000) ("[T]he interests of judicial economy would best be served by granting a stay" pending the MDL Panel's determination on consolidation); <u>Aikins v. Microsoft Corp.</u>, No. 00-0242, 2000 U.S Dist. LEXIS 4371, at *5 (E.D. La. Mar. 24, 2000) (same); <u>Good v. Prudential Ins. Co. of Am.</u>, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); <u>Am. Seafood, Inc. v. Magnolia Processing, Inc.</u>, Nos. 92-1030, 92-1086, 1992 U.S. Dist. LEXIS 7374, at *5-6 (E.D. Pa. May 7, 1992); <u>Weinke v. Microsoft Corp.</u>, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000); <u>Portnoy v. Zenith Labs., Inc.</u>, No. 86-3512, 1987 U.S. Dist. LEXIS 16134, at *2 (D.D.C. Apr. 21, 1987); <u>Hertz</u>, 250 F. Supp. 2d at 428 ("Given the short time until the MDL Panel will consider the motion, this Court's immediate and substantial investment of time is a waste of judicial resources").  As the <u>Rivers</u> court explained:

> First, . . . this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.  And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . . .

> In addition, even if this Court denied [the] motion to stay, [and] ruled upon more substantive motions, . . . there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain.

<u>Rivers</u>, 980 F. Supp. at 1360-61.

Such is the case here.  Given that <u>all of the other NCFE-related civil cases</u> have been consolidated in the Ohio District Court, and that motions to dismiss those actions continue to be briefed before Chief Judge Graham presenting many of the same

issues as the Poulsens' lawsuit, it is very likely that the MDL Panel will grant the

Defendants' Motion to Consolidate. In that event, energy spent by this Court on setting a

discovery schedule, resolving discovery disputes, and engaging in other pretrial matters

will all have been a waste of time. Chief Judge Graham will simply have to repeat those

same efforts. To conserve judicial resources and avoid duplicative pretrial proceedings,

this Court should stay proceedings in the Poulsen Action until the MDL Panel decides

where the case properly belongs. See Mathis, 2003 U.S. Dist. LEXIS 3797, at *3 ("A

temporary stay is appropriate in this case because it is inevitable that this case will be

transferred to [the] MDL [proceedings]").

      A stay is also warranted in the Poulsen Action because it will help to

prevent potentially conflicting decisions by different courts -- one of the main purposes of

28 U.S.C. § 1407. See In re Plumbing Fixture Cases, 298 F. Supp. 484, 490-93 (J.P.M.L.

1968) (explaining that the remedial aim of the statute is "to eliminate the potential for

conflicting contemporaneous pretrial rulings" by courts in cases appropriate for

consolidation). Courts regularly stay pretrial proceedings to avoid potentially

inconsistent rulings on pretrial matters. See, e.g., Rivers, 980 F. Supp. at 1360-61; Good,

5 F. Supp. 2d at 809 (staying proceedings pending consolidation decision because "[t]he

purpose of such transfers is . . . to eliminate the potential for conflicting pretrial rulings");

Am. Seafood, Inc., 1992 U.S. Dist. LEXIS 7374, at *6 ("[J]udicial economy and

prejudice to the defendants weigh heavily in favor of [a] stay" when conflicting rulings

are possible); D's Pet Supplies, Inc. v. Microsoft Corp., Nos. 99-76056, et al., 2000 U.S.

Dist. LEXIS 16482, at *3 (E.D. Mich. Feb. 7, 2000); Aetna U.S. Healthcare, Inc. v.

Hoechst Aktiengesellschaft, 48 F. Supp. 2d 37, 43 (D.D.C. 1999).

The Poulsens have asserted nine causes of action against Defendants.
Each of these causes of action has been asserted against some or all of the Defendants (as
well as against the Poulsens) by other plaintiffs in the MDL Actions. Moreover,
numerous defendants in the MDL Actions, including Movants, have filed motions to
dismiss all of the NCFE-related cases in the Ohio District Court. In general, some or all
of the moving parties argue that the various complaints fail to: (a) plead fraud with
sufficient particularity under Rule 9(b); (b) establish that the moving parties owe
fiduciary duties to the plaintiffs or breached any such duties; (c) establish that the moving
parties made false representations or omissions to plaintiffs, including with scienter; and
(d) show that plaintiffs justifiably relied on any purported misrepresentations or
omissions. Movants and other moving parties also assert that one of the plaintiffs in the
MDL Actions, Rebecca Parrett, (who along with the Poulsens was a founder, shareholder,
officer and director of NCFE), lacks standing to bring her claims for the diminution in
value of her NCFE equity holdings – one of the same defenses to the claims brought by
the Poulsens here.[15]

In Movants' motions to dismiss the Poulsen Action, they anticipate
asserting the same or similar arguments to those filed in the MDL Actions. Indeed, in
one of the MDL Actions that originated in this Court, ING Bank N.V. v. JPMorgan
Chase Bank, et al., No. 03-CV-7396, an action in which Lance Poulsen, Pote, Mendell
and JPMorgan Chase Bank, N.A. ("JPMCB") are all named defendants, Lance Poulsen
brought a cross-claim against JPMCB seeking the same relief he seeks in the Poulsen
Action – recovery for the alleged diminution in value of his equity investment in NCFE

---

[15]    See Rebecca S. Parrett v. Bank One, N.A., et al., No. 03-CV-541 (D. Ariz.).

as a result of the NCFE bankruptcy. JPMCB moved to dismiss that cross-claim on the grounds that Mr. Poulsen lacked standing to bring his claims. Mr. Poulsen, however, withdrew his cross-claim without prejudice on November 30, 2005, about two weeks after he filed his complaint in the Poulsen Action. Similarly, the Poulsens previously sued Mendell and Pote in the Ohio District Court, seeking the same recovery for the same alleged wrongdoing as they do in the instant action.[16] The Poulsens voluntarily dismissed Mendell and Pote from that action after Pote and Mendell moved to dismiss the complaint.

A stay therefore, would conserve judicial resources by allowing one judge to rule on the same or similar legal issues, and eliminate the possibility of conflicting decisions by different courts. See, e.g., In re Transocean Tender Offer Sec. Litig., 415 F. Supp. 382, 384 (J.P.M.L. 1976) ("[T]he likelihood of motions for partial dismissal and summary judgment in all three actions grounded at least in part on [a common issue] makes Section 1407 treatment additionally necessary to prevent conflicting pretrial rulings and conserve judicial effort."). In the two MDL Actions that originated in the District of New Jersey, Magistrate Judge Schwarz faced the same exact issue in deciding a similar motion to stay and held:

> Moreover, the factual allegations and legal claims overlap between the cases, creating the potential that multiple parties will file similar motions based on common grounds. And there's a representation that motions have been filed. It appears in three of the cases. A limited stay of the proceedings to provide the Multi-District Litigation Panel an opportunity to address this motion may indeed eliminate the possibility of conflicting decisions on such motions.

Panarella Dec. Ex. J at p. 69.

---

[16]    Poulsen, et al. v. Credit Suisse First Boston Corp., No. C2-04-1097 (S.D. Ohio).

Thus, economy, efficiency, and uniformity of decision strongly favor staying proceedings in this matter pending the MDL Panel's decision on the Motion to Consolidate.

## II.    A STAY WILL PREVENT HARDSHIP AND INEQUITY TO DEFENDANTS WITHOUT CAUSING ANY PREJUDICE TO THE POULSENS

Furthermore, Movants will suffer hardship and inequity if a stay is <u>not</u> entered, while the Poulsens will suffer no such hardship or inequity if a stay <u>is</u> entered.

First, it would be unduly burdensome to require Defendants to research, brief, and argue their motions to dismiss under Second Circuit law.  Defendants plan to file motions to dismiss the Poulsen Action, and at least one of the grounds on which they intend to move – failure to plead fraud with particularity as required by the Federal Rules of Civil Procedure – is based on federal law.  In the likely event that the Poulsen Action is consolidated with the MDL Actions, resolution of some or all of the Poulsen Action will be governed by Sixth Circuit law.  As such, time spent by the parties briefing a motion to dismiss under Second Circuit law will be a waste of their resources, as they will have to brief the <u>exact same motion</u> under Sixth Circuit law once the Poulsen Action and MDL Actions are consolidated.[17]

The Poulsens' current thirty-page motion to remand only exacerbates the potential prejudice faced by Defendants.  Defendants' response to that motion is currently due on January 17.  The Poulsens' motion disputes Defendants' basis for removal on bankruptcy-relatedness grounds under 28 U.S.C. §1452 and argues that even if there is jurisdiction this Court should remand on abstention grounds.  D.E. 6 at 8-26.  If a

---

[17]    A court that has been transferred a case by the MDL Panel applies the law of its circuit on issues of federal law.  <u>See, e.g.</u>, <u>In re Korean Airlines Disaster of Sept. 1, 1983</u>, 829 F.2d 1171 (D.C. Cir. 1987), <u>aff'd</u>, 490 U.S. 122 (1989).

temporary stay is not granted, Defendants will be forced to brief these multiple issues of

federal law relating to the remand motion under Second Circuit law, only to have to re-

brief those same exact issues under Sixth Circuit law once the MDL Panel transfers the

Poulsen Action to the Ohio District Court.  Moreover, Chief Judge Graham has already

dealt with the same exact legal issues in four other MDL actions transferred to his Court.

See supra p. 3 at n. 3.

        In addition, in both the instant action and the MDL Actions, parties almost

certainly will seek to depose many of the same witnesses — NCFE's principals

(including the Poulsens themselves), directors, employees, outside attorneys, related

healthcare providers, indenture trustees, underwriters, rating agencies, and accountants.

In addition, document discovery will be extensive in the NCFE-related cases because of

the large number of corporate defendants and transactions at issue.  Indeed, the

documents produced thus far from the estate of the NCFE debtors alone comprise over

1.9 million documents.  The Poulsens in this action already have served document

requests on some or all of the Defendants identifying 66 different categories of

documents.  By having to comply with uncoordinated, costly discovery requests pending

a decision by the MDL Panel, Defendants will suffer hardship and inequity that could be

avoided by entering a stay.  See Krieger v. Merk & Co., No. 05-CV-6338L, 2005 WL

2921640, at *2 (W.D.N.Y. Nov. 4, 2005), Hertz, 250 F. Supp. 2d at 428 (defendant will

experience "actual hardship in terms of its financial burden and duplicative effort"); Egon

v. Del-Val Fin. Corp., No. 90-4338, 1991 U.S. Dist. LEXIS 1420, at *3 (D.N.J. Feb. 4,

1991) ("[I]f separate discovery were to go forward, much work would be duplicated").

So too would the Poulsens which is why they previously consented, or did not object, to

every prior application for a stay of the MDL Actions pending consolidation by the MDL Panel. See supra p. 5 at n. 5 and 6.

By contrast, the Poulsens will suffer no prejudice from what is likely to be a short stay. The Poulsen Action is in its earliest stages – the Complaint having just been served upon the Defendants on or after December 6, 2005. The Motion to Consolidate, requesting consolidation of this action with the MDL Actions, was filed on December 23, 2005. To further alleviate any possible prejudice to the Poulsens, Movants requested that the MDL Panel expedite consideration of the Motion to Consolidate. The short expected duration of time weighs in favor of granting the stay. See Good, 5 F. Supp. 2d at 809 (granting stay where "stay pending a final decision by the MDL Panel would likely be brief"); Tench v. Jackson Nat'l Life Ins. Co., No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *5 (N.D. Ill. Nov. 10, 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay). Moreover, the Poulsens are hard-pressed to complain of prejudice when they have known of the allegations giving rise to their Complaint since November 2002 and have been parties to the MDL Actions since their inception. The Poulsens also cannot claim prejudice given their tactics in alleging the same claims against the Defendants in other MDL Actions only to have just recently dismissed those claims in order to bring this action.

Finally, courts generally have concluded that the long-run benefits of a stay outweigh any minimal short-run costs to the plaintiff. See Rosenfeld v. Hartford Fire Ins. Co., 1988 U.S. Dist. LEXIS 4068, at *4 ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost");

Hertz, 250 F. Supp. 2d at 428 (granting a stay despite potential harm to plaintiff because "[w]ithout a short stay, the Court loses the potential efficiencies that would be created by having pretrial issues involving common facts and law decided by a single judge"); Dumont v. Charles Schwab & Co., Inc., Nos. 99-2840, 99-2841, 2000 U.S. Dist. LEXIS 619, at *9 (E.D. La. Jan, 20, 2000).

## CONCLUSION

For the foregoing reasons, Defendants Pote, Mendell, and JPMorgan respectfully request that the Court stay all proceedings in this case pending the resolution of the Notice of Related Action.

Dated: January 4, 2006
      New York, New York

               Respectfully submitted,

               SIMPSON THACHER & BARTLETT LLP

               By: _Barry R. Ostrager / KAL_
                   Barry R. Ostrager (BO-5379)
                   Kyle A. Lonergan (KL-0650)
               425 Lexington Avenue
               New York, NY 10017
               (212) 455-2000 (voice)
               (212) 455-2502 (facsimile)

               Attorneys for Defendants Harold W. Pote
               and Thomas G. Mendell

               - and -

KELLEY DRYE & WARREN LLP

By: _____

     John M. Callagy (JC-8166)
     William A. Escobar (WE-8146)
     Nicholas J. Panarella (NP-2890)
101 Park Avenue
New York, NY 10178
(212) 808-7800 (voice)
(212) 808-7897 (facsimile)

Michael A. Pearce
JPMorgan Chase & Co. Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-2852 (voice)
(212) 552-5964 (facsimile)

Attorneys for Defendant JPMorgan Chase &
Co.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Lance Poulsen and Barbara Poulsen, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | AFFIDAVIT OF SERVICE BY |
| | : | FEDERAL EXPRESS |
| v. | : | |
| | : | No.: 05cv10575(LAK) |
| Harold W. Pote, Thomas G. Mendell, | : | |
| and J.P. Morgan Chase & Co., | : | |
| | : | |
| Defendants. | : | |
| | : | |

STATE OF NEW YORK     )
                              :  SS.:
COUNTY OF NEW YORK  )

Nina Tringali, being duly sworn, deposes and states:

1.     I am not a party to this action and I am over 18 years of age.

2.     On 4th day of January, 2006, I served the annexed ORDER TO SHOW CAUSE STAYING ALL PROCEEDINGS; DECLARATION OF NICHOLAS J. PANARELLA and DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO CONSOLIDATE upon the following attorney at the address designated by them for service of papers:

Thomas J. Fellig
Fellig, Feinblum, Edelblum, & Schwartz
821 Franklin Avenue, Suite 203
Garden City, NJ  11530

by depositing a true copy thereof, in a secure envelope with Federal Express, for overnight delivery.

_____
Nina Tringali

Sworn to before me this
4th day of January, 2006.

_____
Notary Public

SEUNGHWAN KIM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KI6045111
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JULY 24, 2006

NY01/TRINN/1074517.1                         -1-